# SULLIVAN,

## DECEMBER TERM, A. D. 1845.

---

### WAY *v.* CUTTING.

Where a party agrees to convey his interest in several parcels of land for a gross sum, which is paid by the grantee, and he makes a deed conveying only part of the lands agreed upon, the grantee cannot, if he retain the portion conveyed, recover back a part of the contract price in an action for money had and received; but his remedy, where there is no written contract, is in equity.

ASSUMPSIT, for $400, money had and received, submitted to the consideration of the court upon the following statement:

On the 19th of September, 1838, the defendant, upon application of the plaintiff, agreed to sell and convey to him all his interest in certain lands, situated in Newport, at a sum to be determined by appraisal. Said lands had been appraised at $4,150, and the plaintiff has paid and secured that sum to the defendant, who thereupon executed and delivered to the plaintiff a deed of certain lands, which the plaintiff supposed to be all the lands included in the appraisal. The plaintiff has since discovered that the defendant had not conveyed his interest in "The Mountain Pasture," so called, which was included in the appraisal, and, as the plaintiff alleges, was of the value of $250. This action is brought to recover the value of that tract at the time of the conveyance, with interest thereon.

Before the commencement of this action the plaintiff demanded of the defendant a deed of his interest in said

pasture, which the defendant refused to give; whereupon the plaintiff demanded the value of his interest in the land, but the defendant refused to pay the amount.

The plaintiff took possession of the land conveyed by said deed at the time of the conveyance, and has never offered to reconvey to the defendant.

If the action can be maintained the case is to be remanded for trial; otherwise the plaintiff is to become nonsuit.

*Hubbard*, for the plaintiff.

*Metcalf*, for the defendant.

PARKER, C. J.   We are of opinion that this action cannot be maintained.   The contract was entire, and has never been rescinded.

This case cannot be distinguished from that of *Miner* v. *Bradley*, 22 Pick. 457, unless it be in the fact that the contract there related to personal property, and the vendee could maintain an action upon it for the breach.   It may be that here the plaintiff cannot maintain an action on the contract, there being no writing between the parties.

If the result would be that the plaintiff was without remedy otherwise, we should be inclined to consider this case an exception to the general rule, for that reason, and to hold that the plaintiff could recover a proportionate part of the purchase money.   17 Maine 296, *Richards* v. *Allen*.   But as there has been a part performance by the defendant, the plaintiff may have relief in equity, if the defendant has failed to convey all that he contracted to convey and was paid for.            *Plaintiff nonsuit.*