## NATHANIEL RICHARDS *vs.* THOMAS ALLEN.

Payments made under a parol contract for the purchase of land cannot be reclaimed so long as the seller is not in fault; but if he, without any justifiable cause, repudiate the contract and refuse to be bound by it, a right of action will accrue to the purchaser to recover back the money paid, to the extent required by the principles of justice and equity.

If the purchaser under such parol contract enter into the possession of the land, the amount of the benefit received by him from the occupation should be deducted from the money paid.

If the seller convey the land to a third person, and thus by his own act deprive himself of the power of fulfilment of such parol contract, it excuses the purchaser from the necessity of making a tender of the remaining purchase money, and demanding a deed.

The cause of action does not accrue to the purchaser, under such parol contract, until the seller is in fault, and therefore the statute of limitations begins to run only from that time.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit for a quantity of bricks delivered in 1829, and a yoke of oxen delivered *January* 27, 1832. The writ was dated *January* 27, 1838. Eighteen or twenty years before the commencement of the suit, the plaintiff contracted verbally with the defendant for the purchase of a farm, and entered upon the farm under that verbal contract, and lived thereon until the time of trial. The bricks and the oxen were delivered at the respective times charged in part payment of the farm, under the verbal contract for the purchase thereof. The plaintiff proved that the defendant, in the spring of the years 1837 and 1838, told the plaintiff that he supposed the plaintiff had paid for about one half the farm by way of the oxen and bricks; that he was ready to give a deed of the farm; and that he would see *Stubbs* and *Dickey*, and come in a few days to the plaintiff's house, and give the plaintiff or his son a deed. The defendant conveyed the same to one *Stubbs* by deed dated *January* 18, 1838. The defendant, for the purpose of showing that the plaintiff had abandoned the contract for the purchase of the land, proved that the plaintiff said to one *Dickey*, in *Sept.* 1837, that he had no interest in the land, and that *Allen* might convey it to whomsoever he pleased. The defendant offered

to prove that shortly afterwards *Dickey* told *Allen* what the plaintiff had said. This was ruled by the Judge to be inadmissible, as it did not appear that the plaintiff wished the statement to be made to the defendant. It did not appear, that the defendant gave the plaintiff any information of his intention to sell the land to *Stubbs*, or that the plaintiff tendered money, or demanded a deed. The defendant filed an account in set-off, for the use and occupation of the farm, and offered at the trial to prove it. The Judge declined to receive the evidence, and directed the account to be laid out of the case. The jury were instructed, that if they believed the admission and promise made by the defendant to the plaintiff in 1837 and 1838 to convey the land, it would enable the plaintiff to recover back what he had paid the defendant therefor, although a part of the payment had been made more than six years before the date of the writ ; and notwithstanding the original contract for the sale and purchase of the land was not in writing. The verdict being for the plaintiff, the defendant filed exceptions.

*May* and *Stubbs*, for the defendant, remarked, that they should not now contend, that money paid in part performance of a verbal contract for the purchase of land, where there is neglect or misconduct on the part of the seller and where the purchaser is not in fault, cannot be recovered back. But where the purchaser by parol has entered into the possession of the land, and has had the benefit of it, even where he is entitled to recover, it should be only the amount paid after deducting the fair value of the rents. If he seeks equity, he should be held to do equity. The amount paid was but a fair equivalent for the use of the farm during the time, but if more, the balance only should be recovered. *Whiting* v. *Dewey*, 15 *Pick.* 428. The set-off should have been allowed. It is necessary to file an account only where there are distinct and independent demands, and not where the mutual demands arise from the same transaction. *Jackson* v. *Hall*, 14 *Pick.* 151 ; *Erskine* v. *Plummer*, 7 *Greenl.* 447. If this parol contract for the purchase and sale of land is to have effect, it is competent for the parties to abandon and rescind the contract in the same manner, by parol. The instructions on this point were erroneous. The instruction should have been, that the plaintiff could not recover,

unless the defendant was in fault.   12 *Johns. R.* 451 ;  13 *Johns. R.* 359 ;  9 *Cowen*, 46.   The defendant has always been ready to give a conveyance of the land  when  the consideration was paid. There should have been an  offer  to pay the  sum due, and a demand of the deed, before any action could be maintained.   Before then the plaintiff  was not in fault.   The  plaintiff  had  the means of giving a title at any time, and that is sufficient.   *Trask* v. *Vinson,* 20 *Pick.* 105.   The statute of limitations  was a good bar to all the plaintiff's claim unless for the oxen.   Here was no promise to pay the amount, or if any can  be inferred, it is the conditional one to allow this towards the land, if the remainder should be paid. This condition was never  performed.   *Porter* v. *Hill,* 4 *Greenl.* 41 ;  *Deshon* v. *Eaton,* 4 *Greenl.* 413 ;  8 *Johns. R.* 407 ; 9 *Cowen,* 674.

*Randall,* for the plaintiff, argued that *Dickey's* testimony was rightly rejected, because it was a mere  loose  conversation with a third person, and not an agreement with the defendant to give up the bargain.   It had relation merely to the legal rights of the plaintiff to convey the land, without consulting him.   The law is clear, that the plaintiff may recover back the consideration paid under a parol contract to convey land, when  the contract is violated by the defendant.   2 *Stark. Ev.* 69, and cases there cited. There can be no difference as to the operation of the statute of limitations, whether the new promise to pay be in  money, goods, or land.   A promise to pay in either is sufficient.   Here the promise to pay was in land, and the defendant deprived himself of the power to convey the land.   In  such case it is not necessary, to show an offer to perform on the part of the plaintiff.   15 *Johns. R.* 503 ; 2 *Stark. Ev.* 866.   An account for use and occupation of land is not the proper subject of an account in set-off.   2 *Stark. Ev.* 855, 858, 865.   Besides, the  party cannot be charged on an implied contract, when there was an express one.   Here the use and occupation was part of the agreement for the purchase.

The opinion of the Court was by

WESTON C. J. — The contract between the parties in regard to the farm, was one, which being by parol, could not be enforced at law.   It was however morally binding ;  and payments made by

the plaintiff, on account of the purchase, could not be reclaimed, so long as the defendant was in no fault. But if he, without any justifiable cause, repudiated the contract, and refused to be bound by it, a right of reclamation would accrue to the plaintiff, to the extent required by the principles of justice and equity. The statute of limitations would not begin to run, until the cause of action accrued.

The terms of the contract do not appear in evidence ; but in the spring of 1837, the defendant recognized the contract as a subsisting one, acknowledged the payment of half the amount of the purchase, by bricks and a yoke of oxen, and promised in a few days to give the plaintiff or his son a deed of the farm, doubtless upon being paid or secured the remainder of the purchase money. On the 18th of *January* following, he conveyed the farm to a third person. This was putting an end to the contract, by depriving himself of the power to fulfil it. Was he justified in this course by any act or failure on the part of the plaintiff? Nothing of this kind was offered in proof by the defendant, except the declarations made by the plaintiff to the witness, *Dickey*. That was a casual conversation, giving no authority to the witness to make any communication to the defendant. The plaintiff cannot thereby necessarily be understood to have waived his rights. He stated, that he had no interest in the land, and that the defendant might convey it to whom he pleased. This was true, if understood, as it may be, of legal interest on the one hand, and of legal power on the other. The testimony of *Dickey* therefore, if received, might not conclusively affect the merits of the cause, or justify the conveyance made by the defendant, without subjecting him to a right of reclamation by the plaintiff.

It may be contended, that this right could not be exerted, until the plaintiff had first tendered to the defendant the remainder of the purchase money and thereupon demanded a deed. This may be true, if the defendant had not, by his own act, deprived himself of the power of fulfilment. This excuses the useless ceremony of tender and demand, which might otherwise have been essential to the maintenance of the action. *Newcomb* v. *Brackett,* 16 *Mass. R.* 161.

But the plaintiff's claim must be limited to what is just and equitable, under all the circumstances. He had made some payments; but he had enjoyed the farm for eighteen or twenty years. The jury should have been permitted to take this into consideration, even without an account in offset, as it was necessarily connected with the plaintiff's claim, and was of a character to affect and qualify it. This not having been done, we sustain the exceptions, and grant a new trial.