## JONATHAN BASSETT *versus* MOSES BASSETT.

Although a deed acknowledges the receipt of a consideration, the grantor may show that none was in fact received, when his purpose is to recover the consideration and not to defeat the operation of the deed.

Where, as the consideration of a conveyance of land by the plaintiff to the defendant, the former relies upon the parol promise of the latter to convey certain other land to him, and the defendant refuses to execute such promise, the plaintiff may recover the value of his conveyance from the defendant upon an implied assumpsit.

And, in such case, the plaintiff may prove the special agreement, not as a basis of recovery, but as a declaration bearing upon the question of value.

And, if the plaintiff can show that the defendant agreed to give another piece of land for it, worth $2000, such agreement is a practical admission that the land conveyed by the plaintiff was worth that sum.

If a deed of one undivided half of certain premises therein described, once completed and delivered, is, years afterwards, surrendered for the purpose of striking out the words " one undivided half of," so that its terms will embrace the whole of the premises, and it be again delivered and accepted with intent that it shall take effect and become operative as an instrument of conveyance, the law will give it such effect, although not acknowledged.

If the plaintiff convey land to the defendant, in consideration of the latter's parol promise to convey certain other land to the former, and the defendant refuses to execute such promise, the plaintiff need not demand a deed from the defendant before commencing his suit for the value of the land thus conveyed, if the defendant had put it out of his power to comply with such demand, by conveying to another the land thus promised to be conveyed to the plaintiff.

ON EXCEPTIONS, and MOTION to set aside the verdict as being against evidence, and because of the alleged excessive amount of damages.

ASSUMPSIT to recover the value of certain real estate alleged to have been conveyed by the plaintiff to his father, the defendant. The writ was dated July 14, 1865.

It appeared on the part of the plaintiff that, on June 7, 1852, he duly executed, acknowledged and delivered to the defendant a deed of warranty of one undivided half of a certain farm therein described; that, about the middle of February, 1864, the parties to the deed met, when, as the plaintiff testified, the defendant verbally agreed to convey

to him all that part of a certain lot of land which lay on the east side of a certain road, provided the plaintiff would convey to the defendant the remaining half of the farm mentioned in the deed of June 7, 1852; that, thereupon said deed, not having been recorded, was produced, when the words "one undivided half of" were erased and the deed re-delivered by the plaintiff to the defendant, without being re-acknowledged. This deed, thus altered, was recorded April 4, 1865. The defendant objected to all testimony as to the consideration, upon the ground of the receipt in the deed and statute of frauds; but it was admitted.

The plaintiff also testified that he demanded of the defendant a deed of that part of said lot lying on the east side of the road, and that the defendant refused, declaring he would not "deed a foot of his land as long as he lived." It also appeared that the defendant conveyed the premises to Reuben Weeks, June 21, 1865. Several witnesses testified that the whole of the farm was worth $4000, and that all of the lot mentioned, lying on the east side of the road, was worth $2000.

The defendant's testimony tended to deny that of the plaintiff. Several witnesses for the defendant set the value of the lot No. 7, on east side of the road, lower than those of the plaintiff.

The defendant contended that the deed from plaintiff to defendant, altered as stated by plaintiff, did not convey the whole farm, but only the undivided half as originally made; but the Court instructed the jury, for purposes of this trial at least, it did convey the whole. The defendant also contended that plaintiff must prove that he made a demand for a deed of the piece of land east of the road belonging to No. 7, before he could maintain this action, and that there was no sufficient evidence of such a demand. The Court on this point instructed the jury that they would consider the evidence bearing directly on this point, and decide for themselves whether demand had been proved, and also instructed them that, if they found that defendant had put it out of

his power to comply with such demand by conveying the land to another, a demand was not necessary, otherwise it would be. The defendant also requested the following instructions, which the Court declined to give. That, in estimating damages, they should not take in consideration the value of that part of No. 7 lying on the east side of the road. But did instruct them that the measure of damages was the value of the undivided half conveyed in the deed at the time it was conveyed, and that, if there was any testimony in the case which satisfied them that the defendant considered that part of lot No. 7, east of the road, as of equal value with the one undivided half conveyed, and agreed to give it as equivolant therefor, they might consider it an admission on his part of the value of the half conveyed, and give it such weight as in their judgment it was entitled to, taken in connection with the other evidence in the case upon that point.

The Court also instructed the jury that, if they find, on the principle stated by him, that the plaintiff was entitled to recover, they would add interest on the sum they fixed as the damages, from the time of demand and refusal to deed.

The verdict was for the plaintiff for $2125, and the defendant alleged exceptions.

*J. Baker*, in support of the exceptions.

I. Plaintiff conveyed no title to defendant, as the altered deed was not effectual for that purpose.

II. But, if he did convey a title, it is not competent for him to prove the consideration therefor within the scope of his writ. Such evidence is inadmissible :

1. Because the receipt of the consideration is acknowledged in the deed itself, a solemn instrument under seal, and this imports a pecuniary consideration actually paid ; and now the plaintiff proposes to contradict this receipt and show not only that the pecuniary consideration was not paid, but that there was no agreement to pay it, but to pay in land.

2. Because the contract set out in the writ is void as being

within the statute of frauds, as a parol agreement to convey real estate. As set out in the writ, and as the evidence tends to prove, this was not a sale of land for money, but an exchange of land — land for land. The only consideration for the plaintiff's conveyance to defendant, was defendant's *parol* agreement to convey other land to plaintiff. Evidence of this kind is not admissible, and was seasonably objected to. 2 Washb. on Real Property, 619, § 17; *Griswold* v. *Messenger*, 6.Pick., 517.

Counsel also elaborately argued his motion.

*Libbey & Snow*, for the plaintiff.

WALTON, J. — This is an action of assumpsit in which the plaintiff claims to recover the value of certain real estate which he says he conveyed to the defendant. The jury returned a verdict for the plaintiff. The defendant excepts to certain rulings of the presiding Judge. He has also filed a motion to have the verdict set aside as against evidence, and because, as he says, the damages are excessive. We do not think the damages are so excessive, or the verdict in other respects so clearly against the weight of evidence, as to warrant us in setting it aside. Nor are we able to discover anything erroneous in the rulings of the presiding Judge.

1. The law is now well settled that, notwithstanding a deed acknowledges the receipt of a consideration, the grantor may show that none was in fact received, when his purpose is to recover the consideration and not to defeat the operation of the deed. *Goodspeed* v. *Fuller*, 46 Maine, 141.

2. While it is true that an action cannot be maintained for the breach of a parol promise to convey land, (such a promise being within the statute of frauds,) it is also true that when such a promise has been relied upon as the consideration of a conveyance, and the party promising neglects or refuses to keep his promise, the other party may recover the value of his property upon an implied assumpsit, and prove the special agreement, not as a basis of recovery, but as a declaration of the defendant bearing upon the question

of value, just as any other declaration of a party may be proved. If the plaintiff can show that the defendant was willing, and in fact agreed, to give another piece of property for it, that was worth $2000, it is a practical admission that the property conveyed was worth that sum. *King* v. *Brown*, 2 Hill, 485 ; Brown on Stat. of Frauds, § 118.

3. There is no rule of law prohibiting the alteration of a deed by the parties to it. An alteration by one party without the consent of the other will avoid it. But if an alteration is made by consent of all the parties to it, and the grantor assents that the grantee shall retain it in its altered form, such assent, says Mr. Greenleaf, amounts to a re-delivery, and warrants the jury in finding accordingly. A deed takes effect when it is delivered, and there is no rule of law prescribing to the grantor the order in which the several acts necessary to complete it shall be performed. He may sign and seal a blank and fill it up afterwards, or he may fill the blank first, and then sign and seal it ; and, if a deed, once completed and delivered, is surrendered for the purpose, he may as well alter it over for the purpose of making a new deed, as to use a new blank ; and if, when a new deed is thus made by altering an old one, it is again delivered with intent that it shall take effect and become operative as an instrument of conveyance, the law will give it such effect. 1 Greenl. Ev., (11th ed.,) § 568, a., and notes, and authorities there cited.

4. It was not necessary for the plaintiff to demand a deed of the defendant before commencing his suit, if the defendant had put it out of his power to comply with such a demand by conveying the land to another. " A demand wholly useless and nugatory need not be made."

The rulings and instructions of the presiding Judge were in harmony with the foregoing principles of law. We fail to discover any error in them. ·

*Motion and exceptions overruled.* — *Judgment on the verdict.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and TAPLEY, JJ., concurred.