GEORGE W. BOOKER

v.

PHILIP WOLF et al.

195    365
104a ³302

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. CONTRACTS—*when party need not sue on contract or for damages for its breach.* Where one party to a contract which is voidable under the Statute of Frauds has refused to perform his undertaking, the party who has performed has the right to presume that the defense of the Statute of Frauds will be relied upon in case of suit, and may treat the contract as terminated and seek any remedy which the law gives him without first suing on the contract or for damages for breach thereof, in order to ascertain whether the defendant will avail himself of the defense of the statute.

2. SAME—*when the rule that the law will not imply an agreement where there is an express one does not apply.* If one party to an express contract which is voidable under the Statute of Frauds refuses to perform the same the express contract is terminated, and he cannot set up its existence to defeat a suit to recover on an implied agreement with respect to the same subject matter.

3. SAME—*action will lie to recover reasonable value of goods delivered under contract within Statute of Frauds.* If one party sells and delivers personal property to another upon the latter's verbal agreement to pay part of the consideration in cash and the balance by conveying certain real estate, but the latter refuses to perform his agreement, the vendor is not obliged to treat the transaction as a tort and bring replevin or trover, but may regard the title as passed and bring assumpsit upon an implied agreement of the defendant to pay the reasonable value of the property delivered under the contract, without alleging that it has been converted into money or money's worth or that its identity has been destroyed.

*Wolf* v. *Booker*, 97 Ill. App. 139, reversed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. '

MESSICK, MOYERS & CROW, for plaintiff in error:

The averment of a promise to pay, contained in the declaration, is of an express promise, as the rules of good pleading require, and not of an implied promise. In pleading there is no such thing as an implied promise. All

promises are averred to be express and are so treated in passing on demurrer. 1 Chitty's Pl. 302; Gould's Pl. chap. 3, sec. 19.

A contract within the second section of our Statute of Frauds is not void, but voidable, only, at the election of the party whose portion of the stipulation is within the statute, where the other has fully performed. *Lake* v. *Campbell,* 18 Ill. 106; *Mitchell* v. *McNab,* 1 Ill. App. 297; *Crabtree* v. *Wells,* 19 Ill. 55; *McCoy* v. *Williams,* 1 Gilm. 584; Lawson on Contracts, sec. 350; Bishop on Contracts, secs. 1238, 1239, 1323, 1324; *Wiley* v. *Bradley,* 60 Ind. 62; *Hawley* v. *Moody,* 24 Vt. 605.

Booker, under the facts of this case, could not be compelled to take back the property delivered to the Wolfs if he saw fit to decline to do so. The title having vested in them under a valid subsisting contract, afterward rescinded by them, they cannot re-vest it in him without his consent, but he may insist on the value. Browne on Statute of Frauds, sec. 118; Wood on Statute of Frauds, pp. 434, 435; 2 Reed on Statute of Frauds, sec. 627; *Hawley* v. *Moody,* 24 Vt. 605.

Where a party pays money or renders services or delivers property in payment of an unexecuted contract within the Statute of Frauds for the sale of lands, or other engagement within the Statute of Frauds, and the party whose stipulation is within the statute is unwilling or unable to make conveyance of the land or meet such other engagement as stipulated, he is liable in an action at law in assumpsit for the money so paid, for the value of the services rendered or the value of the property delivered, in the absence of an express promise to pay therefor. Browne on Statute of Frauds, secs. 118, 122, 124; Wood on Statute of Frauds, pp. 428, 429, 433-435; 2 Reed on Statute of Frauds, sec. 627; Lawson on Contracts, sec. 82; *Swanzey* v. *Moore,* 22 Ill. 63; *Butcher Steel Works* v. *Atkinson,* 68 id. 421; *Doggett* v. *Brown,* 28 id. 493; *Crabtree* v. *Wells,* 19 id. 55; *Mitchell* v. *McNab,* 1 Ill. App. 297.

It is not necessary to show a sale of property by defendants, or its conversion by defendants, to entitle plaintiff to maintain assumpsit, if the property was acquired or title to the property passed by virtue of contract relations or the defendants promised to pay therefor. Cooley on Torts, 110; *McLaughlin* v. *Sally*, 46 Mich. 219; *Morrison* v. *Rogers*, 2 Scam. 318; 2 Greenleaf on Evidence, sec. 120, note 5, and authorities cited; *Zell* v. *Duncle*, 156 Pa. St. 353.

KRAMER, CREIGHTON & SHAEFFER, and B. H. CANBY, for defendants in error:

Where a party sells or exchanges personal property for real estate, and after he has delivered the personal property in pursuance of the contract the other party refuses to execute a conveyance of the real estate but retains possession of the personal property, an action of assumpsit will not lie to recover the reasonable value of the personal property upon an implied contract, either for goods sold and delivered or for money had and received. The remedy in such case is replevin or trover after demand made. Before assumpsit will lie to recover the reasonable value of the goods it must appear that they have been converted into money or money's worth, or that there has been such a conversion of the property as destroys its identity, and which amounts to a conversion into money or money's worth. *Deverill* v. *Salisbury*, 61 Ill. 316; *Updike* v. *Armstrong*, 3 Scam. 564; *Creel* v. *Kirkham*, 47 Ill. 344; *Alderson* v. *Ennor*, 45 id. 128; *Dickinson* v. *Whitney*, 4 Gilm. 406; *Staat* v. *Evans*, 35 Ill. 455; *Morrison* v. *Rogers*, 2 Scam. 318; *McIntyre* v. *Thompson*, 14 Ill. App. 554; *Daniels* v. *Smith*, 15 id. 329; *Railway Co.* v. *Chew*, 67 Ill. 378; 7 Ency. of Pl. & Pr. 368.

Where there is an express contract the law will not imply one. It is not admissible to say there was a different implied contract where there was an express one covering the subject matter. An express contract must be affirmed as a whole and in all its parts, or rescinded.

*Kellogg & Co.* v. *Turpie*, 93 Ill. 265; *Jennings* v. *Camp*, 12 Johns. 95; Reed on Statute of Frauds, sec. 495; *Calvin* v. *Prentice*, 45 N. Y. 142; *Cutler* v. *Powell*, 6 T. R. 320.

A contract subject to the Statute of Frauds is only voidable, and not *ipso facto* void. Plaintiff in error could have enforced the contract as made if defendants in error did not take advantage of the statute. The defendants in error have not availed themselves of the defense of the statute. Their demurrer is general and does not present this defense. The statute must in some way be specially pleaded. *Kinzie* v. *Pierce*, 2 Scam. 520; *Dyer* v. *Martin*, 4 id. 151; *School Trustees* v. *Wright*, 12 Ill. 432; *Chicago Coal Co.* v. *Liddell*, 69 id. 640.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error, George W. Booker, brought his suit in assumpsit in the city court of East St. Louis against defendants in error, Philip Wolf and Emma Wolf, stating his cause of action in a special count, to which the defendants interposed a general demurrer. The court overruled the demurrer and the defendants elected to abide by it. The court then heard evidence and assessed plaintiff's damages at $1300, and entered judgment against the defendants for said sum and costs of suit. The defendants appealed to the Appellate Court for the Fourth District, and that court, being of the opinion that the action would not lie and the general demurrer should have been sustained, reversed the judgment without remanding the cause. The writ of error in this case was sued out to the Appellate Court to review the judgment of that court.

The action was upon an implied contract of the defendants to pay the reasonable value of personal property delivered by the plaintiff to them on a contract within the Statute of Frauds, and the ground of the general demurrer, as pointed out by counsel, is that the action could not be maintained.

The material averments of the declaration are, in brief, as follows: That plaintiff bargained and sold to defendants a stock of groceries, goods, wares, merchandise, fixtures, tools, a horse and wagon; that defendants orally agreed to pay therefor the sum of $1300, by conveying to plaintiff one lot of ground situated in the city of East St. Louis, of the value of $1200, and paying $100 in cash; that plaintiff, in consideration of the undertaking of defendants, delivered to them the said property, and defendants then and there accepted and received the same and went into possession thereof, and still remain in possession; that plaintiff demanded of defendants that they convey said real estate to him and pay him said sum of $100, as they had agreed to do; that defendants then and there refused to convey said real estate, or any part thereof, or to pay said sum of $100, or any part thereof, as agreed; that defendants thereby became liable to pay to plaintiffs so much as said property so delivered to them was reasonably worth; that said personal property was reasonably worth the sum of $1300, and that defendants, although requested, had not paid the same, or any part thereof.

It is contended that the facts so alleged and admitted by the demurrer will not support an action of assumpsit. Counsel say that as the declaration sets out an express contract, one remedy of the plaintiff is to enforce that contract; that while the contract would fall within the Statute of Frauds and could not be enforced if the statute were pleaded, yet if not pleaded it would be waived, and they have not taken advantage of the statute by the demurrer, and therefore the plaintiff could enforce the contract, for anything that appears in the declaration. Another remedy of the plaintiff, they say, is replevin for the property or trover for a conversion thereof after demand made, but they insist that assumpsit will not lie unless it appears that the property delivered under the contract has been converted into money or

195—24

money's worth, or that there has been such a conversion of it as destroys its identity and amounts to a conversion into money or money's worth.

The demurrer admits that after making the contract the defendants, upon demand, refused to perform it, and the law is that the plaintiff could not enforce it. While it is not a universal rule that the statute must be pleaded, —as where the declaration is in the common counts,—it is true that in a suit it must be relied on to avoid the contract. When, however, a party refuses to perform a contract which he is not bound, in law, to perform, it is to be presumed that in case of suit he will rely upon such defenses as he has. It is not reasonable to assume that he will not avail himself of a defense which the law gives him. The contract set up was voidable at the will of the defendants, and being voidable, under the statute, at their election, nothing more was required than notice by the defendants that it was ended or that they did not intend to perform it. (*Collins* v. *Thayer*, 74 Ill. 138.) The performance of the contract depended upon the integrity and honor of the parties, and if the defendants refused to perform it and could not be compelled to do so, it seems absurd to say that an unavailing and useless action must be brought to ascertain in that way whether they will perform it, notwithstanding their refusal. The plaintiff had a right to take them at their word and consider the contract terminated. The law gave him no remedy on the contract either to enforce it or for damages for its non-performance, and he might seek any other remedy which the law gave him.

It is also insisted that the action will not lie because there cannot be at the same time an express contract and an implied one respecting the same subject matter. It is true that the law will not imply an agreement in the presence of an express contract of the parties, and if, when the action was brought, there was a lawful subsisting express contract of the defendants to pay the plain-

tiff for the property with the land and $100 in money, the law would not imply a different agreement. There was no such contract at that time. The defendants had terminated it, and it cannot be said that plaintiff was seeking to recover on an implied contract for something which had been provided for by a valid, existing, express agreement between him and the defendants. Defendants can not be permitted to set up the contract which they had repudiated, to accomplish the fraudulent purpose of preventing such a contract as the law would otherwise imply. If there was an implied contract it was not blended with an express one.

The next proposition of counsel admits that there was no express contract in force and that the plaintiff is not bound to attempt its enforcement. It is, that the plaintiff's remedy is replevin for the property or trover for its conversion, and that there can be no implied contract unless the property has been converted into money or money's worth or its identity destroyed by the defendants. We think that counsel, in the argument, failed to distinguish between mere wrong with no element of contract, and a transaction such as this, where the plaintiff sold his property to the defendants and they refused to pay for it in the manner agreed upon. Implied contracts are such as reason and conscience dictate and which the law presumes every man undertakes to perform. (2 Blackstone, 443.) If a party buys goods without any agreement as to price, the law presumes that he contracts to pay their reasonable value. He is supposed to have made such a contract as an honest, fair and just man ought to have made, and the law supposes the agreement to pay, although nothing has been said concerning the price or the payment. In this case the facts admitted by the demurrer are that the defendants bought the property but their agreement was within the Statute of Frauds, and upon repudiating it there remained, in law, no stipulation as to price or payment. We see no rea-

son why the law should not supply one. The contract, although voidable under the Statute of Frauds, was as good as any other when the property was delivered. The parties had a right, in law and morals, to rely upon each other to perform until there was a refusal by one or the other. One might refuse to execute it, but until he manifested such intention the other might rightfully go on with the performance. That being so, the title of the property vested in the defendants upon delivery to them. The goods were delivered and received under the contract and became the property of the defendants, which they could dispose of without committing any tort. If the title passed, as it certainly did, we do not see why it is necessary to show that defendants had sold their property before the plaintiff could recover its value, or how the fact that they had failed to make some disposition of it would affect his rights. All that remained to be done when defendants repudiated the contract was to make payment, and the transaction was not like some cases of naked tort, where it has been held that assumpsit cannot be maintained because the elements of an assumpsit are wanting. There was a contract, and we do not regard it as material that there was some conduct of the defendants afterwards which would support an action for a tort, if plaintiff elected to seek such a remedy. What is insisted upon here is, that the defendants have a right to say that plaintiff must convert the transaction into a tort before he can ask or the court can apply any remedy. So far as we can discover the authorities are uniform to the contrary. The text writers lay down the opposite rule. It is stated in Browne on the Statute of Frauds, (sec. 118,) as follows: "A party, however, who has paid money in fulfillment of a verbal contract which the other refuses or becomes unable to carry out, may recover it in an action for money had and received. He may also recover property, or its value, delivered in the same way, by any suitable proceeding; and where a piece

of property is delivered in payment as being worth a certain sum, it is not in the power of the defendant, without the plaintiff's consent, to return the specific things received, but he must refund in the usual mode for money had or goods sold." In Wood on the Statute of Frauds, (sec. 235,) the author says: "The rule is, that if one pays money, renders service or delivers property in part or complete performance of a contract which is invalid under the Statute of Frauds, he may recover the money so paid, or the value of his services or the property delivered, in an action upon an implied assumpsit, if the other party has refused or from any cause become unable to perform, the plaintiff being willing and able to do so. * * * It may be said that part performance of a contract within the Statute of Frauds may render it valid and binding so far as that extends, but it can have no such effect upon the stipulation of the contract still remaining executory. Where property has been delivered to the defendant in performance of such a contract, he cannot, upon refusal to perform, return the property to the other party and escape liability for its value in money in an action for goods sold; but it seems that the party delivering property in part performance of such a contract which the other party refuses to perform, may, at his election, recover its value, or, in proper proceedings, the property itself." So, also, in section 627 of Reed on the Statute of Frauds: "Where, however, in the other event, the plaintiff, the vendee, is in no default and the vendor rescinds, the former may treat the chattel delivered under the oral sale of the land as vested in the vendor, and can recover its value in an action for money had or goods sold."

The decisions of the courts are to the same effect. In *Hawley* v. *Moody*, 24 Vt. 603, the plaintiff delivered to the defendant a gold watch as part payment on a contract for a lease of a tavern stand for one year, the term to begin in the future. The defendant refused to make a

written lease and tendered the watch back to the plaintiff, who refused to accept it and sued in assumpsit for its value. The court said: "The contract is innocent enough if each party chooses to trust to the honor of the other party as to its performance. If that were not so, one could not recover for payments made under it. The contract is not void or affected with any taint of turpitude, nor is it rescindable at the election of either party. Either party, if he chooses, may repudiate it, but that only operates upon so much of the contract as remains executory at the time and does not repeal anything done under it. For these purposes it remains in full force. And the party repudiating must be content to lose what he has done under it, as, the contract remaining in force, the other party may defend under it. But if the party repudiating the future performance has himself received advances which he declines to pay for in the mode stipulated, it is regarded as equitable that he should refund in the usual mode for money had and for goods sold, and it is not in his power, without the consent of the other party, to re-vest the title of the specific things received." In *Wiley* v. *Bradley*, 60 Ind. 62, the plaintiff set out peach trees under an agreement that he was to have two-thirds of the product. The defendant sold the land, and in a suit against him, objected that the contract was within the Statute of Frauds. The court said: "If no part of the contract had been performed by either party, perhaps his point would be well taken. But the contract was not void, although not in writing, and for the part performance by the appellee, as it is alleged, whereby the appellant was benefited, an action will lie upon the implied promise to pay, independent of the special contract. The appellant cannot receive a benefit under the contract, and then, by breaking it, avoid payment for what he has received." In *Dix* v. *Marcy*, 116 Mass. 416, plaintiff conveyed real estate on an agreement of the defendant to support him and his family for their lives.

The defendant refusing to perform, the plaintiff sued him for the value of the farm conveyed. The court said: "The agreement sued on being within the Statute of Frauds and rescinded by the defendant, the plaintiff could not enforce it, but brings this action to recover the value of the property conveyed. * * * Where a person pays money, renders services or conveys property under an agreement within the Statute of Frauds, and which the other party refuses to perform, an action will lie by such person against the party so refusing, to recover the money paid, the value of the services rendered or property conveyed. A person who has received a benefit under such an agreement and then repudiates it, is held to pay for that which he has received, and there is an implied assumpsit on which the action against him can be maintained." In such a case the circumstances might justify a presumption of fraudulent intent in entering into the contract, such as would enable the grantor to set aside the transaction. (*Frazier* v. *Miller*, 16 Ill. 48; *Jones* v. *Neely*, 72 id. 449.) But the grantor would have an election of remedies. So, also, a party may obtain goods from a merchant with the actual intention of never paying for them and of cheating the merchant out of them, but he would not be permitted to set up his fraudulent intention against his presumed intention and such a contract as the law would imply. In *Bacon* v. *Parker*, 137 Mass. 309, the court said: "The fact that words were spoken in the form of a contract which did not bind the speaker, and which is repudiated, is not allowed to displace or override the obligation which would otherwise arise from the receipt and retention of value on the understanding that value is to be returned." In *Nugent* v. *Teachout*, 67 Mich. 571, the plaintiff had conveyed forty acres of land to the defendant for a consideration, partly in money and partly by making a deed of one acre of land. The defendant refused to convey the one acre and the plaintiff brought suit on an implied assumpsit. The

court held that there was an implied promise on the part
of the defendant to pay the plaintiff the value of the
land conveyed.   As to the value of the goods delivered
in this case there was no remaining contract of the par-
ties, but the law would supply one to pay, in the usual
manner, so much as they were reasonably worth.   *Wood*
v. *Shultis*, 4 Hun, 309; *Holbrook* v. *Clapp*, 165 Mass. 563.

Counsel, however, claim that our decisions are in con-
flict with these authorities, and cite several cases, rely-
ing mainly on *Johnston & Deverill* v. *Salisbury*, 61 Ill. 316.
That case does not sustain their claim in any manner.
The opinion does not state the case very fully, but shows
that the action was in assumpsit on a contract under
seal to convey a lot in Chicago on certain conditions.
It was held that assumpsit would not lie but the plaintiff
must bring covenant on the sealed instrument, or, treat-
ing the contract as rescinded, trover or replevin for the
property after demand made.   The declaration set out
an agreement under seal between the parties, by which
Johnston & Deverill acknowledged the receipt of $5 as
earnest money and agreed to convey a lot in Chicago to
Salisbury for $1800, to be paid with one horse, harness
and buggy at $325, the further sum of $475 when the title
was examined, and a mortgage on a house and lot in Na-
perville for $1000,—if the title did not prove good the
money to be refunded.   The declaration alleged the de-
livery of the horse, harness and buggy, and that defend-
ants covenanted to return the horse, buggy and harness
in the event of failure to convey a good title, as by said
writing obligatory appeared.   The declaration averred
plaintiff's readiness to perform the contract, the failure
of defendants to convey by a good title, and a demand
for the horse, buggy and harness, with a refusal by the
defendants.   It then alleged that the defendants, being
liable, undertook and promised to pay the plaintiffs $330
on request, etc.   On the trial the contest was over the
question whether the title to the Chicago lot was good.

Both parties claimed readiness and an offer to carry out the sealed contract. When the contract was offered in evidence the defendants objected because the declaration was in assumpsit and the contract under seal. That case comes clearly within the rule that there could not be an implied contract where there was an express one covering the same subject matter, which the parties both claimed they were ready, able and willing to perform. It is plain that assumpsit on the sealed instrument set out in the declaration, which provided that if the title was not good the payment was to be refunded, would not lie, and that the only action on the contract was covenant.

*Creel* v. *Kirkham,* 47 Ill. 344, is also relied on. In that case the landlord's share of growing wheat passed, by devise of the land on which it was growing, to the plaintiff. The executor took the landlord's share and delivered it to the defendant. There was no element of contract, but a pure tort. There was a wrong, and nothing more, and if the law would not imply a promise to pay for property taken in that way, the decision cannot be applied to a case where the defendants purchased property and simply declined to pay for it in the way agreed upon.

In *Updike* v. *Armstrong,* 3 Scam. 564, the plaintiff delivered to the defendant property in part payment for a piece of land under an agreement subject to the Statute of Frauds. He repudiated his contract and sued for the value of the property. The defendant did not refuse to perform or to pay for the property in the mode agreed upon. The court said: "Even admitting that the plaintiff could recover without a refusal on the part of the defendant to perform, or some other act indicating an intention on the part of the defendant to disavow, disaffirm or repudiate the parol agreement, still he could not recover the value of the property in this form of action. He should have resorted to his action of replevin, or trover or conversion." It is plain that in that case there could be no implied contract to pay a reasonable

value. If the defendant was to have the property he would have a right to the benefit of his contract, and the court could not deprive him of it without his consent and raise an implied assumpsit to pay on a different basis the reasonable value of the property received. The plaintiff had himself refused to perform, and he could not compel the defendant to pay in money what he had stipulated to pay in land, merely because plaintiff decided to repudiate his contract.

It follows from what has been said that we think the city court was right in its ruling on the demurrer, and the defendants having abided by the demurrer and refused to plead, the damages were properly assessed and judgment entered. The judgment of the Appellate Court reversing that judgment was wrong and is reversed, and the judgment of the city court of East St. Louis is affirmed.

*Judgment reversed.*