CASE 21—ACTION BY WILLIAM E. BETHEL AGAINST A. BOOTH & COM-
PANY FOR BREACH OF CONTRACT—MARCH 18.

# Bethel v. Booth & Company.

115   145
121   616

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

STATUTE OF FRAUDS—IMPLIED CONTRACT.

Held:   1. Though a contract to give employment for ten years is
void under the statute of frauds, so that action will not lie
for its breach, notwithstanding the employe has performed part
of it, yet, in consideration thereof, the employe having sold the
employer a business for less than its value, he may, on an im-
plied promise, recover the difference between the amount paid
for and the value of the business.

MYERS & HOWARD, FOR APPELLANT.

In this case the plaintiff alleges three elements of damage:

1. Inadequacy of price for his store obtained as part of the
agreed consideration for which he was to remain out of business
ten years and to have employment from defendant for that
length of time.

2. Loss by reason of the violation of the contract to keep him
employed for ten years at a fixed salary.

3. Injury to his business—good will—by closing his store
for more than a year under a contract to keep him employed.

Upon these issues the answer was a general denial.

Upon hearing the evidence the court, on motion of defendant,
gave the jury a peremptory instruction to find for it upon the
ground that the contract is within the statute of frauds, being a
verbal contract, not to be performed within a year.

It is submitted that one party to a verbal contract can not re-
ceive and accept the consideration or fruits of the contract go-
ing to him—can not execute it so far as he is concerned and
then avail himself of the statute of frauds against the execu-
tion of the other half of the contract.   Such a construction
would make the statute an engine of fraud rather than a pre-
ventive.   We insist that the statute applies only when the en-
tire contract is not to be performed within a year.   In this
case the contract was in a large part to be, and in fact was, per-
formed at once.

Bethel v. Booth & Company.

### AUTHORITIES CITED.

Dant v. Head, 90 Ky., 261, and cases therein cited; 23 R., 1965; 22 R., 1648; 21 R., 1024; 15 R., 301; 3 Bush, 297.

W. W. SYMMES, ATTORNEY FOR APPELLEE.

Part performance of a parol promise not to be performed within a year does not take it out of the statute of frauds. Davenport v. Gentry, 9 B. Mon., 427; Ragsdale v. Lander, 80 Ky., 160; Schwerman v. Gunkel, 1 Ky. L. R., 406; Williams v. Calloway, 12 R., 716; L. & N. R. R. v. Offutt, 39 Ky., 427; Bretton v. Sutton, 72 N. W., 424; 7 Ohio, 118; 9 Ohio S. & C. P., Dec., 741; 6 Ohio, 486; 8 Metc., 59; 28 Vermont, 34; 2 Denio, 87; 72 Mo. App., 557.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

It is averred in the petition that on the —— day of July, 1899, and prior thereto, the plaintiff, was the owner of and engaged in keeping a fish and oyster store in the city of Covington, and had been so engaged for about twenty-five years; that it was a profitable business; that on the —— day of July of that year he entered into a verbal agreement with the appellee, A. Booth & Co., a corporation, by the terms of which he, in consideration of employment to conduct a store of like kind for the defendant in the city of Covington for a period of ten years, sold, assigned and transferred to it, for the sum of $600, the assets of his business, which were of the actual value of $1,200; that pursuant to that contract he performed the services for appellee required by the contract for the period of twelve months, when it, without fault upon his part, discharged him and refused to carry out the contract. For this breach of the contract he avers that he was damaged in the sum of $1,990. The defendant denies the contract, and seeks to avoid it because it is a verbal contract not to be performed within one year, and for that reason no action can be maintained upon it. The evidence introduced by the appellant conduces to sustain the averments of the petition, and that the appellee was

Bethel v. Booth & Company.

to pay him $25 per week for conducting its business for
a period of ten years, and that the assets of his business
which he sold to the appellee were actually worth $1,200,
and that the good will of the business was very valuable.
The court below, being of the opinion that the action could
not be maintained upon a verbal contract, gave a peremptory
instruction to find for the appellee. To review that action
of the court this appeal is here.

If this action was one purely upon a contract by which
the appellee agreed to employ the appellant for a period
of ten years at a stated salary, then, under the adjudica-
tions of this court, no action could be maintained upon it.
This was decided in Smith v. Theobald, 86 Ky., 141, 9 R.,
449, 5 S. W., 394, wherein the court said: "A verbal con-
tract for a year's services to be performed at some future
time is within the statute of frauds, because it can not be
wholly performed within a year from the making day."
There are other opinions of this court of like effect. This
court has held that where one part of the contract was
to be, and was actually, performed within a year, an action
could be maintained upon it. In Dant v. Head, 90 Ky.,
261, 12 R., 153, 13 S. W., 1075, 29 Am. St. Rep., 369, the
court said: "It now seems to us the statute was intended
and does properly apply only to an agreement that is not
to be performed by either party within a year, but not to
one which is to be or has been performed by one or either
of them within such period, and that construction has been
adopted elsewhere. A. T. & S. F. R. Co. v. English (Kan.),
16 Pac., 82; McClellan v. Sanford, 26 Wis., 595; Curtis v.
Sage, 35 Ill., 22; Berry v. Doremus, 30 N. J. Law, 403;
Haugh v. Blythe's Ex'rs, 20 Ind., 24; Smalley v. Greene,
52 Iowa, 241, 3 N. W., 78, 35 Am. Rep., 267; Blanding v.
Sargent, 33 N. H., 239, 66 Am. Dec., 720. For if the prac-

tical effect and operation of the statute is, as has been uniformly held by this court, in every case where one party has performed an agreement within a year, to hold the other party liable on such agreement, although he is not to perform within a year, such should be construed and held to be the meaning and import of the language used. In fact, the statute properly applies to agreements that are wholly executory; and one which has been performed by one of the parties within a year is to that extent executed, and can not with propriety be called an agreement to be performed within a year." This court, in a subsequent opinion, has recognized Dant v. Head as announcing the correct rule.

To follow this rule would not enable the appellant to maintain his action, because he did not wholly perform his part of the contract in one year, neither could he do so under the terms of the contract. The contract contemplated that the services he was to perform should be continued for a period of ten years; therefore the facts do not bring it within the rule announced in Dant v. Head. We think, however, that the action can be maintained by the application of another principle. The statute of frauds in question was not enacted for the purpose of enabling one party to practice fraud upon another. It was not intended to protect a party in the enjoyment of the fruits of the contract who wrongfully obtained the property of another by a promise upon which an action could not be maintained. If one borrows money from another and verbally agrees to pay it in two years no action can be maintained upon the verbal promise to pay within two years, but the law im-. plies a promise to pay the money and upon which an action can be maintained. Otherwise the borrower could receive

full consideration for the promise which he made and yet shield himself under the statute of frauds.

According to the evidence of the appellant, appellee was to pay $600 for his store, but only paid $300 in cash and the other $300 in stock in the appellee company, which was of little value, yet the appellee obtained assets which were actually worth $1,200. In addition to that, it obtained the good will of the business, which was proven to have been of considerable value. Suppose the appellant had given the assets and good will of the business to appellee in consideration that the appellee was to give him employment for ten years; should the appellee be permitted to repudiate its contract to give the appellant employment for the stipulated time, and at the same time hold on and enjoy the assets and good will of the business which it acquired under the contract? If it could not thus enjoy the total value of the assets and good will of the business under the circumstances detailed, then for the same reason, it is not entitled to enjoy one-half of the assets and the good will of the business. It is not a question as to the extent of the consideration which it received, but that it actually received property on a promise which it refuses to fulfill. In Montague v. Garnett, 3 Bush, 298, this court said: "Where a contract is wholly executory on both sides, as neither could bring a suit for its enforcement, the legal effect would be the same as though the contract had been declared void; but this is not the effect of the statute where there has been an execution of the contract, in part or whole, by one party, for in such cases the law implies a contract to pay for the consideration received, and neither the letter nor spirit of the statute prohibits a suit to recover on this implied obligation of the law. . . . But he could not use it to prevent recovery of the valuable consideration which he had

derived by virtue of its terms, because the statute was never designed for such purposes. It was never designed to enable one man to get the property of another by virtue of a parol contract, and then refuse to either execute the contract or return the property. Even in parol contracts for land, when possession has been delivered, courts adjust the rents and improvements on equitable principles, whilst they refuse to compel a specific execution of the contract."

Again, the court said in that case: "But when the consideration, so far from being illegal and vicious is valuable and virtuous, neither the statute nor public policy forbid a recovery upon the implied promise, in law, to return or pay for it." There is an implied promise in law that the appellee will pay the appellant the difference between the amount paid for the assets of the store which it purchased and its actual value on the day the contract was made, and, in addition thereto, to compensate the appellee for the loss which he sustained of the good will of the business, not exceeding the amount claimed in the petition. Of course, this right to recover is based upon the appellant's ability to establish his contract as averred.

Judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.