C. M. JELLEFF and J. O. Hollis, Respondents, v. J. M. HUMMEL, Appellant.

(218 N. W. 227.)

**Statute of frauds — action to recover value of property delivered to defendant — agreement to pay cash and lands — held one on an implied contract.**

1. In an action brought to recover the value of property delivered to the defendant under a contract whereby the latter had agreed to pay therefor in cash and by conveying land such contract being within the statute of frauds, the pleadings are construed and it is held that the action may properly be regarded as one in implied contract.

**Statute of frauds — contract within the statute of frauds — restitution in value may be enforced.**

2. Where property is transferred in performance of a contract that is within the statute of frauds and where the person to whom the property is transferred declines to perform the contract, relying upon the statute, restitution in value may be enforced.

Opinion filed March 5, 1928.

Frauds, Statute of, 27 C. J. § 440 p. 362 n. 47.

Appeal from the District Court of Logan County, *Wolfe*, J.

Affirmed.

*A. B. Atkins* and *Scott Cameron*, for appellant.

"The rule is fundamental that a plaintiff must recover, if at all, on the case made by his declaration or complaint, and therefore if he fails to prove his cause of action as laid, but proves a different one, he cannot recover on either." 21 R. C. L. 608.

"Relief to the plaintiff not based upon authorized by the allegations of the bill cannot be granted, even though it would be proper under the evidence if the bill contains sufficient allegations." 21 C. J. 672.

"It is well established that under an allegation of contract no recovery can be had on a quantum meruit. It is not a case of material variance alone, but it is a failure of proof." Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661.

"All that goes to the administration of justice should be definite and certain. This is almost equally essential to the claim, the defense and the judgment." Pierce v. Carey, 37 Wis. 232.

A plaintiff cannot sue on one cause of action and recover on another. 50 L.R.A.(N.S.) 14, note.

*F. J. Graham* and *Whipple & Perry,* for respondents.

"Contracts implied in law or more properly quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and which are allowed to be enforced by an action ex contractu." 13 C. J. 244 (10).

"Whenever the circumstances create a legal liability the law implies a promise upon which an action of assumpsit will lie. The request necessary to support such promise may be inferred from the beneficial nature of the consideration and the circumstances of the transaction." 5 C. J. 1385 (14).

"When the plaintiff alleges an express contract as the basis for recovery he cannot recover on an implied contract or quantum meruit, especially in the absence of any allegations of value." Yancey v. Boyce, 28 N. D. 188, 147 N. W. 791.

In an action for the conversion of property the owner may waive the tort, and may allege and prove the reasonable value of the property and the promise to pay the same, and the law will imply the promise because it accords with the exact measure of damages. Olson v. Baker, 45 N. D. 396, 178 N. D. 126. See also Straus Land Corp. v. Duprius (Mich.) 174 N. W. 129.

BIRDZELL, J. The defendant appeals from a judgment entered against him in an action growing out of a transaction in which he purchased a stock of merchandise, consisting principally of shoes, for a stipulated amount of cash and a quarter section of land subject to a mortgage. The complaint alleged the terms of the agreement, the delivery of the stock of goods, and charged that the defendant "did wrongfully convert the same to his own use, and did accept and receive the same from the plaintiffs, and did refuse and still refuses to deliver to the plaintiffs a warranty deed to the hereinbefore described premises and did refuse and still refuses to account to the plaintiffs for any of

56 N. Dak.—33.

the proceeds realized from the sale of said stock of boats, shoes and fixtures, and that the plaintiffs have demanded of the defendant that he so do." The value of the stock is alleged to have been $4,000. The defendant is credited with a payment of $500, and it is alleged that, by reason of the failure of the defendant to perform the contract, the plaintiffs have sustained damage in the sum of $3,500.

Upon the trial counsel for the defendant took the position that the complaint sounded in tort for conversion, but, upon being met with the contention that the action was in contract, the court at the instance of the defendant, required the plaintiffs to elect, whereupon plaintiffs elected to treat the action as being in contract. The defendant then obtained leave and amended the answer, setting up, among other things, the statute of frauds as a defense, alleging that no part of the alleged agreement for the conveyance of real estate was ever reduced to writing and that the plaintiffs did not at any time take possession. The trial court instructed the jury that if they should find the alleged agreement to have been made and that the land was not delivered, the plaintiffs should recover from the defendant the reasonable value of that which he had gotten from the plaintiffs, namely, the stock of boots and shoes and the fixtures and personal property, less the sum of $500 which had been paid in cash. The giving of this instruction is specified as error and the appellant concedes that the merits of the appeal may be properly tested by it. The argument made is substantially that it is the function of pleading to apprise the opposing party of the character of the claim or defense upon which the pleader relies; and that, as the complaint in this case alleged a conversion and asked damages therefor, recovery could not ultimately be had as for breach of contract. It is said that a complaint should proceed upon some definite theory upon which the plaintiff must succeed or fail. The appellant concedes that the merchandise was sold and delivered to him and he became the owner. The respondents conceded upon the trial that the contract, in so far as it involved an obligation on the part of the defendant to convey the land, was within the statute of frauds.

The complaint, as a whole, sets forth the terms of the contract under which it was alleged that the merchandise was delivered to the defendant, and it will be seen from the above brief quotation from it that the defendant is charged with having wrongfully converted the same to his

own use. But additional facts are stated which make it appear that the defendant has repudiated the contract and has failed to pay the plaintiffs the value of that which the plaintiffs had rendered to the defendant in performance of the contract on their part. The complaint, considered as stating a cause of action for breach of the express contract alleged to have been consonant with legal principles, should have predicated the damages upon the failure to have conveyed the land and sought recovery of the reasonable value of the land or a specific performance, but it did not do so. This indicates that the express contract was not being relied upon, except as explaining the origin of the right asserted. The only legal theory upon which the plaintiffs might rightfully claim to recover the value of what they had rendered under the contract is that of rescission and if anything were wanting in the allegations of the complaint to show the right to be as upon a rescission, the missing element was supplied by the amended answer setting up the statute of frauds. Under the pleadings we are of the opinion that the action may properly be regarded as one in implied contract.

It has long been recognized that a defendant cannot justly and equitably retain what he has received in the performance of a contract that is unenforceable against him on account of the statute of frauds while repudiating his obligation under such express contract. Richards v. Allen, 17 Me. 296, was a case of this sort. Action was brought for the value of bricks and oxen delivered in part payment under an oral contract to purchase land. The defendant repudiated the contract, contending it was unenforceable on account of the statute of frauds. The court said (page 299): "The contract between the parties in regard to the farm was one, which, being by parol, could not be enforced at law. It was, however, morally binding; and payments made by the plaintiff, on account of the purchase, could not be reclaimed so long as the defendant was in no fault. But if he, without any justifiable cause, repudiated the contract, and refused to be bound by it, a right of reclamation would accrue to the plaintiff, to the extent required by the principles of justice and equity." The rule is well established that where property is transferred in performance of a contract within the statute of frauds which the defendant declines to perform relying upon the stat-

ute, restitution in value may be enforced. Woodward, Quasi Contr. § 95.

The following cases cited by Woodward will be found to amply support the rule stated: Booker v. Wolf (1902) 195 Ill. 365, 63 N. E. 265; Montague v. Garnett (1867) 3 Bush. 297; Bethel v. A. Booth & Co. (1903) 115 Ky. 145, 72 S. W. 803; Richards v. Allen (1840) 17 Me. 296, supra; Bassett v. Bassett (1867) 55 Me. 127; Dix v. Marcy (1875) 116 Mass. 416; Peabody v. Fellows (1901) 177 Mass. 290, 58 N. E. 1019; Cromwell v. Norton (1906) 193 Mass. 291, 118 Am. St. Rep. 499, 79 N. E. 433; Todd v. Bettingen (1910) 109 Minn. 493, 124 N. W. 443; Day v. New York C. R. Co. (1873) 51 N. Y. 583.

The second and third syllabi in Booker v. Wolf, supra, illustrate the application of the principle in circumstances quite similar to those presented on this record:

"(2) Defendant's refusal to perform the contract terminated it, so that it could not be urged that assumpsit would not lie on an implied agreement on matter covered by an express contract.

"(3) Where the parties entered into an oral agreement for an exchange of plaintiff's goods for defendant's land, which was voidable under the statute of frauds, and plaintiff delivered the goods, but defendant refused to convey the land, plaintiff could maintain assumpsit on an agreement which the law would imply after the defendant's termination of the express agreement, and the fact that the property had not been converted into money, or its identity destroyed, did not require plaintiff to resort to replevin or trover."

The instruction given was correct, and the judgment is affirmed. It is so ordered.

NUESSLE, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.