CATHERINE O'GRADY *vs.* TIMOTHY O'GRADY.

Hampden.    September 26, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Agreement upon Conveyance of Land — Deduction of Mortgage Debt — Instructions to Jury — Evidence — Statute of Frauds.*

The declaration alleged that the plaintiff conveyed to the defendant certain real estate, subject to mortgage, and that in consideration thereof the defendant agreed to pay off the mortgage and sell the real estate for the plaintiff's benefit, and pay over to him the proceeds less the amount paid on the mortgage, and, in case he could not sell the real estate, to pay the plaintiff the market value thereof; that the defendant did pay off the mortgage, but, though requested by the plaintiff, refused to sell the real estate for the plaintiff's benefit or to pay him therefor. The jury were instructed to return a verdict for the defendant if they found that any debt except the mortgage was to be deducted from the value of the premises, and they returned a verdict for the plaintiff. *Held,* that it was for the jury to say upon the evidence what the contract was, and that the statute of frauds was not a defence.

CONTRACT, to recover the value of certain real estate conveyed by the plaintiff to the defendant, less the amount of a mortgage for $400 existing thereon at the time of the conveyance. The declaration contained two counts, the first of which alleged that the plaintiff conveyed to the defendant the real estate, subject to the mortgage, and that in consideration thereof the defendant agreed to pay off the mortgage and sell the real estate for the benefit of the plaintiff, and pay over to her the proceeds less the amount paid by the defendant on the mortgage, and, in case the defendant could not sell the real estate, to pay the plaintiff the market value thereof; that, conformably to the agreement, the defendant did pay off the mortgage, but, though requested by the plaintiff, he refused to sell the real estate for her benefit or to pay her therefor.

The second count was an account annexed for the sum of $2,800 less $400, the amount paid on the mortgage.

Answer: 1. A general denial. 2. The statute of frauds. 3. Want of consideration. Trial in the Superior Court, before *Fessenden*, J., who allowed a bill of exceptions in substance as follows.

The plaintiff testified that her husband died on the morning

of December 6, 1884; that the evening before she and her mother and sister and the defendant were present; that the plaintiff's husband told the defendant that there was a mortgage on the property, and said, referring to the plaintiff, " She has n't got any money, and I want you to turn everything into money for her, — everything, wagons and everything there is, and sell the property or buy it from her, pay off the mortgage, and pay over the balance in money, for she will need it all for the children "; that the defendant said, " All right "; that after the funeral the plaintiff's father took her to his home in Warren, and in the following July the defendant and his sister one Sunday drove over to the house where the plaintiff was, and she spoke to the defendant about the property, and the fact that the interest was coming due; that he said, " Any day you say you will meet me in Palmer I will come, and we will have the deed made over "; that he appointed a day, when they met, and his lawyer did the business and was paid by the defendant; that it was in pursuance of the request of her deceased husband and the defendant's agreement thereto that she made the conveyance to the defendant, and, according to her understanding, it was in pursuance of this agreement that he received it; that this talk at her father's house was the first she had had with the defendant after his talk in the presence of her husband about this property; that nothing was paid her at the lawyer's office, and nothing was said about any compensation beyond what was said at her husband's bedside; that she had owned the property about two years when she conveyed it to the defendant; that a short time before the suit was brought the defendant came to her house, and she told him she was sick and under the doctor's care, and she said, " I don't know how I shall ever take care of those children," and she thought that he ought to do something, but he made no reply; and that she asked him if he was ready to pay her anything on the property, and he made no reply.

On cross-examination the plaintiff testified that there was an understanding that the defendant was to pay the funeral expenses, as well as the mortgage, in consideration of the deed, and that he paid them, although at the close of the examination she testified, " I put the funeral expenses in; I would pay the funeral expenses, I am willing to pay them."

Bridget Haley, the mother of the plaintiff, testified that her son in law said to the defendant, " You sell this property if you çan, and if you can't, you buy it yourself and pay the mortgage and give her the balance, for she will need it to take care of the children.    Timothy said, ' All right.' "    And also, " I never heard a word said about the expenses of his burial, — never."

The defendant testified that he had no talk with the plaintiff's husband with reference to any sale of the place, but that after the latter's death the plaintiff proposed to give him the deed if he would pay all her husband's debts, and that soon after the delivery of the deed he did pay off the mortgage, which, with interest, amounted to about four hundred and twenty five dollars; the funeral expenses, amounting to from a hundred to a hundred and twenty-five dollars ; and a debt due the plaintiff's father in law for money borrowed by her husband, amounting to four hundred and fifty dollars ; none of which were the debts of the plaintiff, and the last one was a debt the existence of which the plaintiff denied.

The plaintiff testified that the doctor's bill had never been paid by the defendant, and that she had heard the defendant say that the value of the property at the time she conveyed it to him was $2,000.    Other evidence was introduced on both sides as to the value of the property, the witnesses varying materially in their estimates.

At the close of the evidence, the plaintiff requested the judge to rule as follows :

" 1.  The plaintiff is not entitled to recover, because. the contract upon which this action is brought was not in writing, as required by Pub. Sts. c. 78, § 1.   2. The plaintiff is not entitled to recover, because there is a variance between the evidence and the allegations in the declaration.   3. Upon all the evidence, the plaintiff is not entitled to recover."

The judge declined so to rule, but instructed the jury, among other things, without objection from the defendant, that, if they found that by the terms of the agreement between the plaintiff and the defendant the plaintiff was entitled to recover, it must be for the market value of the real estate less the amount of the mortgage, and that they should not deduct from that sum anything on account of the funeral expenses claimed to have been

paid by the defendant, or the money paid on account of the loan claimed to have been made to the plaintiff's husband ; that, if they found upon the evidence that any debt except the mortgage debt was to be deducted from the value of said premises, they must find for the defendant, as that was not the contract upon which the plaintiff relied. Proper instructions as to what would justify the jury in finding that a contract was made, and upon other branches of the case, were given, and were not excepted to.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. L. Gardner*, for the defendant.

*W. B. Stone*, for the plaintiff.

MORTON, J. The jury were instructed to return a verdict for the defendant if they found that any debt except the mortgage debt was to be deducted from the value of the premises. They returned a verdict for the plaintiff, and therefore must have found that the mortgage debt was the only one to be deducted. On her direct examination the plaintiff's testimony tended to show that the agreement was as stated in the declaration. On her cross-examination she said some things which seemed to be inconsistent with her direct testimony. The jury may have found, however, that the inconsistencies were only apparent, and not real, and were due to mistake and misunderstanding on her part. The testimony of the witness Haley also tended to show that the contract was as set out in the declaration. It was for the jury to say, upon the whole case, what the contract was, and we think that there was evidence that justified their verdict.

We do not understand the defendant seriously to contend that the statute of frauds is a defence. If the contract set out in the declaration was within the statute, it would not help him. The plaintiff has conveyed the premises according to agreement, and the defendant, after getting possession of the property, has refused to perform his part of the contract. It is well settled in this State, that under such circumstances the plaintiff may recover the value of the property conveyed, even though the agreement is within the statute. *Dix* v. *Marcy*, 116 Mass. 416, and cases cited. *Root* v. *Burt*, 118 Mass. 521. *Parker* v. *Tainter*, 123 Mass. 185. *Exceptions overruled.*