CATHERINE PEABODY *vs.* WILLIAM H. FELLOWS.

Essex.   November 7, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

If one conveys land under an oral contract which cannot be enforced by reason of the statute of frauds, and the grantee refuses to carry out such contract and sells the land to another, the grantor may maintain an action on the implied promise of the grantee, to pay to the grantor the value of the land which the grantee has put it out of his power to reconvey.

APPEAL from a decree of the Superior Court sustaining the defendant's demurrer to the declaration. Writ dated May 22, 1899.

The amended declaration was as follows:

" First count. Now comes the plaintiff and says that the defendant in consideration that the plaintiff should convey to him a certain parcel of land with the buildings thereon in Middleton in said county, agreed to execute and sign a certain instrument, a copy of which is hereto annexed marked ' A '; that said plaintiff in pursuance of said agreement, conveyed said real estate to said defendant, but that said defendant, wholly regardless of his agreement as aforesaid, utterly refused to sign or execute said instrument or to reconvey said land, but retained the same and thereafter conveyed said real estate to a third party.

" Wherefore the plaintiff says the defendant owes her three thousand dollars, the value of said real estate less $1,125.54, the amount due on mortgage thereon.

" Second count. And the plaintiff says that on or about the seventh day of November, A. D. 1898, she was the owner of certain real estate in Middleton in said county, and was then indebted to the defendant in the sum of one hundred and fifty dollars; that she made an agreement with the defendant that if she would convey to him said real estate, he would pay the mortgage then thereon amounting to ten hundred and fifty dollars, with accrued interest, and when the plaintiff should tender to the defendant the amount paid by him on account of said mortgage and interest and the sum of one hundred and fifty dollars, with

all other expenses and charges said defendant would incur in the necessary repair, improvement or preservation of said property, together with interest thereon from the date of any such payments, — said defendant would reconvey to the plaintiff, or to whomsoever she would designate, said real estate, and fully release the same from all claims and demands and interest he might have therein: and the defendant further agreed to give a writing to said effect. And the plaintiff says, in consideration of said agreements made by the defendant, she conveyed to him on the ninth day of November, A. D. 1898, the aforesaid real estate; that the defendant thereafter refused to perform his agreements as aforesaid, and wholly regardless of the same, against the consent and wishes of the plaintiff, sold said premises to one Lyman Holman, the mortgagee thereof; that at the time of the conveyance by the defendant to said Holman, said real estate was worth three thousand dollars.

" Wherefore the plaintiff says the defendant owes her the sum of three thousand dollars, less the amount due on said mortgage.

" Third count. And the plaintiff says the defendant owes her $1,874.46, money had and received by the defendant to the plaintiff's use; bill of particulars hereto annexed marked ' B.'

" Fourth count. And the plaintiff says the defendant owes her $1,874.46, according to the account annexed marked ' C.' "

The foregoing counts are for one and the same cause of action.

### " A "

" Whereas Catherine Peabody of Middleton, Massachusetts, has this day conveyed to William H. Fellows of Peabody, Massachusetts, a certain parcel of real estate situate in said Middleton, bounded and described as follows:    [description.]

" It is hereby agreed and covenanted between the said Catherine Peabody and the said William H. Fellows, their heirs, executors, administrators and assigns, that when at any time the said Catherine Peabody shall tender to the said William H. Fellows the sum of one hundred and fifty dollars ($150) together with all other expenses or charges the said Fellows may pay out for necessary repair, improvement or preservation of said property together with interest thereon from the date of any such payments, the said Fellows shall reconvey the said property to

the said Catherine Peabody and fully release said property from all claims, charges against, and interest he may have therein. And it is further agreed, understood and covenanted between the said Catherine Peabody and the said William H. Fellows, that the mortgage at present on said property amounts to the sum of ten hundred and fifty dollars ($1,050) with accrued interest to date, in accordance with an agreement given by one Lyman Holman to said Catherine Peabody, in which agreement said Holman stipulates to discharge the mortgage at present thereon nominally in the sum of twenty-two hundred dollars ($2,200); that the said William H. Fellows shall pay off and discharge said mortgage by paying to the said Holman said sum of ten hundred and fifty dollars ($1,050) with accrued interest as aforesaid; and it is further agreed and covenanted that until the said Catherine Peabody shall redeem said property as aforesaid, she shall be entitled to receive the income and profits thereof without rendering any account therefor to the said Fellows; that in case any litigation arises in regard to the discharge of said mortgage said Catherine Peabody hereby agrees to assume and defray the expenses thereof; and it is further agreed and covenanted that the said Catherine Peabody shall pay to the said Fellows interest on all and whatsoever sums of money the said Fellows may pay on account of said premises as aforesaid, semi-annually, at the rate called for; and it is further agreed and covenanted that the said Fellows shall at any time when the said Catherine Peabody so requests, and after receiving all amounts due him as aforesaid, convey the said premises to whomsoever the said Catherine Peabody may designate and at whatsoever figures she may determine; and it is further agreed that if the mortgage at present thereon is foreclosed and the face value of the same maintained and established, the said Fellows shall terminate this agreement at his option.

"In witness whereof the said parties hereunto set their hands and seals this          day of November, A. D. 1898."

"B"

Bill of Particulars.

To value of real estate sold and conveyed    .    $3,000
Less $1,125.54, amount due on mortgage    .    .    .    .    $1,874.46

"C"

William H. Fellows,

To Catherine Peabody, Dr.

To value of real estate sold and conveyed  . . . .  $3,000.00

Less amount due on mortgage  .  .  .  .  .  .  .  .  .  1,125.54

$1,874.46

The defendant filed an answer, in which he set up the statute of frauds. He also demurred to the declaration.

In the Superior Court, *Pierce*, J., sustained the demurrer, with leave to the plaintiff to convert his action to a bill in equity, and the plaintiff appealed from the decree.

*J. F. Quinn*, for the plaintiff.

*F. E. Farnham*, for the defendant.

KNOWLTON, J. We are of opinion that the first and second counts of the declaration, when taken in connection with the copy of the unsigned paper annexed, set out agreements of the defendant which must be deemed to have been oral. The second count, after reciting the terms of the agreement, avers that the "defendant further agreed to give a writing to said effect." The first count avers that the defendant "agreed to execute and sign a certain instrument, a copy of which is hereto annexed," as a consideration for the land sold, and afterwards refused to sign or execute it. This construction of these counts is in accordance with the averments of the defendant's answer in which he pleads the statute of frauds.

Construing the first part of the declaration in this way, the principle of law on which the action is founded is, that if one has received money or other property as the consideration of an executory contract which cannot be enforced by reason of the statute of frauds, and if he then refuses to perform the contract, he is liable to the other party under an implied promise to return the money or pay for the property. *Basford* v. *Pearson*, 9 Allen, 387. *Williams* v. *Bemis*, 108 Mass. 91. *White* v. *Wieland*, 109 Mass. 291. *Dix* v. *Marcy*, 116 Mass. 416. *Root* v. *Burt*, 118 Mass. 521. *Parker* v. *Tainter*, 123 Mass. 185. *Twomey* v. *Crowley*, 137 Mass. 184. *O' Grady* v. *O' Grady*, 162 Mass. 290. *Miller* v. *Roberts*, 169 Mass. 134. This principle has often been applied when one who has received a conveyance of real

estate refuses to perform his oral contract which was the consideration for the transfer. These counts of the declaration bring the case within this principle.

The fourth count, considered apart from the others, is in the usual form of declaring on the common counts. Whether it will be sustained by the evidence is a question which is not now before us. It seems to state a good cause of action.

*Judgment reversed ; demurrer overruled.*