CATHERINE PEABODY *vs.* WILLIAM H. FELLOWS.

Essex. January 3, 1902. — March 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract,* Implied, Performance.

The plaintiff conveyed certain land to the defendant under an oral agreement, by which the defendant agreed to pay off a certain mortgage thereon, and, on the plaintiff paying him the amount paid on the mortgage and $150, to reconvey the land to the plaintiff. An agreement to reconvey was drawn up and the defendant said he was satisfied with it, but, after he had obtained the deed from the plaintiff, he refused to sign the agreement and did not offer to sign any paper, and sold and conveyed the land to the mortgagee. *Held,* that these facts would

warrant a jury in finding, that the defendant deliberately broke his promise to sign the agreement on the ground that it was not enforceable, and, if so, a right of action at once accrued to the plaintiff to recover the value of the property he had parted with. If the right of action did not accrue until the defendant sold the land, it would be a question for the jury whether the plaintiff had failed in the performance of any conditions precedent before that time. After the sale, the plaintiff was not obliged to do anything.

LATHROP, J. This is an action of contract to recover the value of a certain parcel of land, which had been conveyed to the defendant by the plaintiff under his oral promise to reconvey the same. The case has been already before us on demurrer to the declaration, and the demurrer was overruled. *Peabody* v. *Fellows*, 177 Mass. 290. It was then said by the court: " The principle of law on which the action is founded is, that if one has received money or other property as the consideration of an executory contract which cannot be enforced by reason of the statute of frauds, and if he then refuses to perform the contract, he is liable to the other party under an implied promise to return the money or pay for the property."

The case was then tried in the Superior Court, and a verdict for the plaintiff was rendered. It is now before us on the defendant's exceptions to the refusal of the presiding judge to give the following requests for rulings.

" 1. Under any agreement made between the parties, the payment by the plaintiff to the defendant of the sum due him from the plaintiff, was a condition precedent to the reconveyance of the real estate in question, and that, until such payment was made or tendered by the plaintiff to the defendant, the plaintiff had no legal claim to a reconveyance of said real estate, and, consequently, could claim no damages for a failure to reconvey.

" 2. The precedent conditions of the reconveyance of said real estate were that the defendant should sign an agreement, and that the plaintiff should pay a sum of money to the defendant. If there was a failure on the part of both defendant and plaintiff, the plaintiff cannot recover damages for failure to reconvey.

" 3. The original agreement of the defendant was to sign an agreement to reconvey, to be drawn by the plaintiff's counsel. An agreement was drawn by said counsel, who promised to make changes in it, if desired by the defendant. Upon receipt

of the agreement by the defendant, he immediately objected to it, as it was, and it was the duty of the plaintiff to make and offer to the defendant a new agreement embodying said changes. This the plaintiff failed to do, and the defendant, after waiting upwards of four months, was at liberty to convey the land to another."

It appeared in evidence that the property was conveyed by the plaintiff to the defendant on November 8, 1898, and that the defendant conveyed it on March 17, 1899, to one Holman, who held a mortgage on the property, dated October 29, 1897. There was also evidence that the defendant agreed to assume the mortgage if the plaintiff would give a deed of the house, and to reconvey it. The plaintiff then owed the defendant $150. There was also evidence that, after the agreement to reconvey was drawn up and the defendant said he was satisfied with it, he refused to sign it, and afterwards obtained the deed from the plaintiff's husband, under a promise to sign the agreement and pay the mortgage, and that he did neither, but had the deed recorded and afterwards sold the property as above stated. There was conflicting evidence as to the form of the agreement to be signed by the defendant, but it was in evidence that after the defendant obtained the deed he did not offer to sign any paper.

The pleadings are set out in full in the case as reported in 177 Mass. 290; but the requests asked for do not call for a ruling upon the pleadings and evidence. The plaintiff does not seek to enforce the terms of the agreement that was to have been signed by the defendant, but to recover the value of the estate, less the amount of the mortgage, and the sum of $150 due from her to the defendant.

The evidence would warrant the jury in finding that the defendant deliberately broke his promise to sign the agreement on the ground that it was not enforceable. If so, a right of action at once accrued to the plaintiff to recover the value of the property which she had parted-with.

In this view the instructions requested are inapplicable to the issues in the case, and were rightly refused. If, however, the right of action did not accrue until the defendant sold the land, it would be a question for the jury whether the plaintiff,

if there were any conditions precedent to be performed on her part, had waited an unreasonable time before performing them. After the sale by the defendant she certainly was not called on to do anything. As the requests omit all reference to this element, they were rightly refused.

*Exceptions overruled.*

*J. F. Quinn & W. H. Twohig,* for the plaintiff.
*F. E. Farnham,* for the defendant.