Louis Lavoie *vs.* Paul Dube & another.

Bristol. December 6, 1917. — January 2, 1918.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Carroll, JJ.

*Husband and Wife. Contract,* Implied in law.

Where the facts are not such as to bring the case within the provision of St. 1910, c. 576, making a wife liable jointly with her husband to the amount of $100 for a debt for necessaries furnished with her knowledge or consent, if she has property to the amount of $2,000, no action can be maintained against a husband and wife jointly upon a promise implied in law to pay for necessary board furnished to them, the promise which the law implies in such a case being a promise on the part of the husband alone to pay for such necessaries.

In the case deciding the point stated above, the question, whether the plaintiff on the facts of that case could recover against the defendant husband alone, was not before the court.

CONTRACT against a husband and wife jointly on an account annexed for $545 for board from September 1, 1913, to May 8, 1915, one hundred and nine weeks at $5 a week. Writ in the Third District Court of Bristol dated May 19, 1915.

On appeal to the Superior Court the case was referred to an auditor, whose findings of fact were to be final. The auditor found for the plaintiff for the full amount claimed with interest from the date of the writ. Later the case was heard by *Brown*, J., upon the auditor's report. The essential facts contained in that report are stated in the opinion. The defendants moved to have judgment entered for the defendants upon the auditor's report. The judge granted the motion and at the plaintiff's request reported the case for determination by this court. If his ruling was wrong, judgment was to be entered for the plaintiff in the sum of $545 with interest from the date of the writ to August 15, 1916, amounting to $40.60. Otherwise, judgment was to be entered for the defendants as ordered by the judge.

The case was submitted on briefs.

*J. P. Doran,* for the plaintiff.

*F. A. Pease,* for the defendants.

BRALEY, J. It appears from the auditor's report, whose findings of fact the parties agreed should be final, that the contract, whereby the defendants, who are husband and wife, in consideration that the plaintiff would care for and support them "during their lives, pay their doctor's bills and funeral expenses," agreed to pay a certain sum in money and to convey to him their farm which they owned as tenants in common, was a joint contract never reduced to writing. If the conveyance had been made, the defendants could have enforced the parol agreement to support them. *Lyman* v. *Lyman,* 133 Mass. 414. But the agreement to convey was within R. L. c. 74, § 1, cl. 4. While the money has been paid and the husband has executed a deed which never was delivered, the wife refused to join in the conveyance and absolutely repudiated the agreement. It is however unnecessary to decide whether on the findings in the report enough is shown to have been done by the plaintiff in reliance on the agreement to make it a fraud on the part of the defendants to deny its validity. *Barnes* v. *Boston & Maine Railroad,* 130 Mass. 388, 390. *Sarkisian* v. *Teele,* 201 Mass. 596, 608.

The absolute refusal to perform did not terminate the contract. The plaintiff was not in default. But, even if excused at his election from further performance, he could not by force of the statute sue at law for damages. It then was for him to decide whether he would resort to equity for specific performance, which if denied he still could have relief in damages, or to an action on any one of the appropriate common counts to recover for what he had done for the defendants' benefit and support. *Peabody* v. *Fellows,* 181 Mass. 26. *Earnshaw* v. *Whittemore,* 194 Mass. 187, 192. *DeMontague* v. *Bacharach,* 187 Mass. 128, 134. *American Stay Co.* v. *Delaney,* 211 Mass. 229.

The present action being on an account annexed for board furnished to the defendants jointly at the farm where they continued to live during the period elapsing between the date of the agreement to convey and the time of repudiation, the plaintiff, if it were not for the fact that the defendants are husband and wife would be entitled to recover the amount less any payments received. *DeMontague* v. *Bacharach, ubi supra.*

The claim, however, is for necessaries, and, while the wife could bind herself jointly with her husband to convey the farm

or jointly or severally to pay their board as if she were sole, no express contract on which the account annexed could rest is shown. R. L. c. 153, §§ 2, 7. *Atkins* v. *Atkins*, 195 Mass. 124. The sole liability of the husband under such circumstances never having been abrogated by statute, there is no contract binding her by implication of law. *Shaw* v. *Thompson*, 16 Pick. 198. *Cunningham* v. *Reardon*, 98 Mass. 538. *Dolan* v. *Brooks*, 168 Mass. 350, 352. *Prescott* v. *Webster*, 175 Mass. 216.

The plaintiff also on the record is not within the St. of 1910, c. 576, amending R. L. c. 153, § 7, making a wife liable jointly with her husband "for debts due, to the amount of one hundred dollars . . ., for necessaries furnished with her knowledge or consent to herself or her family, if she has property to the amount of two thousand dollars or more."

Nor is the question whether he can recover against the defendant husband, and if so to what amount, before us.

By the terms of the report the judgment for the defendants must be affirmed.

*So ordered.*