JAMES KEMP *vs.* CLARENCE S. KEMP & another.

Middlesex.    November 20, 21, 1923. — March 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust*, Oral.  *Frauds, Statute of*.  *Contract*, Implied, Failure of considera-
tion.  *Equity Pleading and Practice*, Amendment after rescript from
equity to law.

In a suit in equity, it appeared that the plaintiff, the owner of certain real
estate, being estranged from his wife, as part of a transaction in settle-
ment of marital difficulties paid his wife $500 in return for her releasing
her rights of inchoate dower and by statute in his real estate; that,
knowing that such release could not be made directly to him, by agree-
ment with the defendant he and his wife joined in a conveyance of the
property to the defendant, who received it subject to an oral trust and
agreement that he would reconvey the property to the plaintiff at his
request.  The plaintiff afterwards requested a reconveyance, which
the defendant refused to give.  *Held*, that
    (1) The conveyance to the defendant having been made at the
special request of the plaintiff and not having been procured by the
defendant, and the defendant not having been guilty of any fraudulent
conduct during the preliminary transaction, no constructive trust was
shown;
    (2) The statute of frauds prevented the enforcement of an oral trust;
    (3) The suit in equity should be dismissed, but the plaintiff was
given leave to amend into an action at law to recover the value of the
property conveyed on the ground that the consideration for the con-
veyance had wholly failed.

BILL IN EQUITY, filed in the Superior Court on November
19, 1920, and afterwards amended, to compel reconveyance
to the plaintiff of real estate alleged to have been conveyed
to the defendants, Clarence S. Kemp and L. Belle Marz,
subject to an oral trust.

In the Superior Court, the suit was heard by *Keating*, J.
There was no report of the evidence.  The judge found the
following facts: In May, 1915, the defendants, the plaintiff's
son and daughter by his first wife, used money and personal
property which, as described in the opinion, the plaintiff
had given to them to put it out of the reach of his second
wife with whom he was in disagreement, to purchase and

take an assignment of a $4,000 mortgage upon real estate owned by him. Later, and with the knowledge and assent of the defendants, the plaintiff paid to his wife $500 and she joined with him in conveying the equity of redemption in the real estate to the defendants, this method being used because the wife could not release her rights and interests directly to the plaintiff, and the defendants took title subject to an oral trust for the benefit of the plaintiff, agreeing orally to reconvey the premises to him, when he asked them to do so, subject to the $4,000 mortgage of which the defendants had an assignment; and the defendants also agreeing that the plaintiff was not to be required to pay any part of the principal of the mortgage or of the interest thereon so long as the plaintiff should remain the owner of the equity in the real estate. The defendants afterwards refused to reconvey to the plaintiff on his request. Other material facts are described in the opinion. The judge ruled as follows:

" I find and rule that the statute of frauds is not a bar to the granting of equitable relief under the circumstances.

" I find and rule that on December 27, 1915, the defendants received said real estate as trustees to hold for the benefit of the plaintiff and to reconvey the same to the plaintiff on demand.

" I find and rule that on December 27, 1915, the interest of the defendants as assignees of the four thousand dollar mortgage was not merged with any interest in said real estate they may have acquired as grantees under the deed of December 27, 1915, from the plaintiff to them."

By order of the judge, a final decree was entered directing a reconveyance to the plaintiff subject to the mortgage. The defendants appealed.

*A. S. Allen,* for the defendants.

*D. H. Fulton,* for the plaintiff.

BRALEY, J. It is found on evidence not reported that the plaintiff, seventy-five years old, is the father of the defendants, a son and daughter by his first marriage. In 1911 he bought a parcel of land with the buildings, which was subject to a mortgage of $4,000. But, his first wife having died, he married again in May, 1912, and

shortly thereafter differences arose between him and his wife, which becoming acute, she left his home " within a few months after " September, 1915. During the latter part of 1912, or early in 1913, he gave to the defendant Clarence S. Kemp certain mortgage notes of the aggregate value of about $2,600, and to the defendant L. Belle Marz moneys deposited in savings banks amounting to $1,600. In making these gifts the plaintiff's purpose was, to put the property beyond the reach of his wife and another daughter with whom he was not on friendly terms. The defendants in May, 1915, at the plaintiff's suggestion, and with his approval, used the proceeds of the gifts to pay the mortgages, taking an assignment to themselves. The plaintiff's wife, however, was seeking through counsel to obtain money for her separate support, and the negotiations for a settlement, which followed and were known to the defendants, contemplated the release of her inchoate rights of dower and homestead on payment of $500. The defendants agreed orally with the plaintiff, that if he paid the amount and his wife signed a release, he then should convey the premises to them, to be held in trust for his benefit, and at his request they were to reconvey subject to the mortgage. It was also agreed, that he was not to be required to pay any part of the principal or interest on the mortgage " so long as he should remain the owner of the equity in said real estate." The plaintiff settled with his wife and received the release, whereupon he executed and delivered the deed in question to the defendants, to hold thereunder as " joint tenants and not as tenants in common." The conveyance is admitted in the original answer. But in their amended answer, the defendants further say, " that it was agreed and understood . . . that the plaintiff was, if he wished, to have the right to live in the premises conveyed or a portion thereof so long as he lived; that he was also, if he wished, to have the right to collect the rents for so long as he lived; that he was also to pay the taxes . . . , " but deny that they were to hold the property in trust. The buildings contained three apartments, one of which was occupied by the plaintiff, while he rented the other two, and the trial judge finds that he

continued in occupation after as well as before the delivery of the deed, made repairs, collected the rents, paid the taxes and insurance. The plaintiff requested the defendants to reconvey, but they refused, claiming that the property was a gift.

It is plain on the findings, that there was no gift. The contract, as mutually understood by the parties, enabled the plaintiff to obtain a valid release of his wife's inchoate right of dower, while he was to remain in possession, receive the rent, pay the taxes, and at his request the property was to be reconveyed to him. *Flynn* v. *Flynn*, 171 Mass. 312, 314. It has been fully performed as to the first two stipulations, and, under the judge's findings, the only defence now relied on is, that the plaintiff is precluded from showing by parol evidence, that the defendants hold the property in trust.

It is true, that even if the relation between the parties is fiduciary in character, Story Eq. Jur. (13th ed.) §§ 218, 309, *Stahl* v. *Stahl*, 214 Ill. 131; 2 Ann. Cas. 744, and cases collected in note 777–779, the present record is insufficient to impose a constructive trust on the conscience of the defendants. They are not shown to have procured the transfer, or to be guilty of any fraudulent conduct during the preliminary transactions. The conveyance was purely voluntary on the part of the plaintiff. It is absolute in form, and no constructive trust arose at the time the deed was delivered. G. L. c. 203, § 1. *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547, *Kennerson* v. *Nash*, 208 Mass. 393. *Cushman* v. *Noe*, 242 Mass. 496, relied on by the plaintiff is not in point. The apparent sale of personal property there set aside was held on the master's report to have been a mere pretence and not an actual transfer.

But the plaintiff is not remediless. The defendants are not purchasers for value, and, having obtained their father's estate under the mutual understanding that they were to reconvey at his request and having refused to make the conveyance, the consideration has wholly failed. *Dix* v. *Marcy*, 116 Mass. 416, *O'Grady* v. *O'Grady*, 162 Mass. 290, 293, *Dixon* v. *Lamson*, 242 Mass. 129, 137. As was

said by Mr. Justice Morton in *Cromwell* v. *Norton*, 193 Mass. 291, 292, 293, " So far as the statute of frauds is concerned the case comes within the well settled principle that if one conveys to another land or other property pursuant to an oral agreement which such other party refuses to perform and cannot be compelled to perform because within the statute, the value of the property so conveyed can be recovered by the party conveying it. *Kelly* v. *Thompson*, 181 Mass. 122. *Peabody* v. *Fellows*, 177 Mass. 290, 293. *Miller* v. *Roberts*, 169 Mass. 134, 145. *Holbrook* v. *Clapp*, 165 Mass. 563. *O'Grady* v. *O'Grady*, 162 Mass. 290. Recovery is allowed in such a case, not as an indirect way of enforcing the contract, which would be contrary to sound principles, but on the ground that the refusal of the defendant to perform constitutes a failure of consideration, and he is therefore bound to make the plaintiff whole for what he has got from him. If the defendant is ready to perform, the fact, that the contract is within the statute and he could set up the statute if he chose to, is immaterial. *Twomey* v. *Crowley*, 137 Mass. 184. So is the exact nature of the undertaking on the part of the party refusing to perform,— whether, for instance, it was to hold in trust or to reconvey."

While the final decree granting specific relief as prayed must be reversed, the plaintiff is given leave to amend from a suit in equity into an action at law to recover the value of the property, within thirty days after rescript, upon such terms as the trial court may impose. If such amendment is not made, a decree is to be entered dismissing the bill. G. L. c. 231, §§ 55, 125. *Donovan* v. *Walsh*, 238 Mass. 356, 362.

*Ordered accordingly.*