ELLEN NORWICH, administratrix, *vs.* JOSEPHINE WAITT & another.

Plymouth.    November 3, 1937. — January 31, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Evidence,* Competency, Master's report. *Equity Pleading and Practice,* Amendment into action at law; Master: report. *Practice, Civil,* Auditor: report.

Upon the allowance of an amendment of a suit in equity into an action at law without an order that a master's report, already confirmed, have the effect of an auditor's report in the action, the master's report was not admissible in evidence at the trial of the action, and, no other evidence being offered, a verdict for the defendant properly was ordered.

CONTRACT, by amendment from a suit in equity filed in the Superior Court on November 23, 1934.

The action at law was tried before *Dillon, J.*

*O. V. Fortier,* for the plaintiff.

*R. M. Goldstein,* for the defendants.

LUMMUS, J. This case began as a bill in equity by the administratrix of the estate of one Satkauski and by his heirs, against Josephine Waitt and her husband, to set aside a deed from the intestate to Josephine Waitt on the grounds of fraud and undue influence. A master found in substance that there was no fraud or undue influence, but that Josephine Waitt received the conveyance upon an oral trust to hold the property for the intestate, and that the fair value of the equity of redemption in the property was $1,500. An interlocutory decree was entered, confirming the master's report, and ordering the dismissal of the bill unless within fifteen days the plaintiffs should amend the suit into an action at law.

The plaintiffs did so amend, and filed a declaration in contract for the value of the property, which, because of the statute of frauds, they could not obtain specifically. *Kemp* v. *Kemp,* 248 Mass. 354. A further amendment struck out the heirs as plaintiffs, leaving the administratrix as the sole plaintiff. The defendants answered, denying generally, setting up payment and the statute of frauds, and claiming recoupment, and also claimed trial by jury.

When the case came on for trial by jury, the plaintiff offered in evidence the report of the master, and excepted to its exclusion. No other evidence was offered by either party. In the total absence of evidence, the judge directed a verdict for the defendants, and the plaintiff excepted.

An order that the master's report have the effect of an auditor's report after the case was amended into an action at law would have been within the power of the Superior Court. *Stockbridge* v. *Mixer,* 227 Mass. 501, 510. *Hosher-Platt Co.* v. *Miller,* 238 Mass. 518, 522. But there was none. As the case was presented to the trial judge, he was right in excluding the master's report and in directing a verdict for the defendants.

*Exceptions overruled.*