No. 2966 Northern Middlesex, ss.

DANGELO (John Finelli)
v. FARINA (Thomas F. Donnelly)

From the District Court of Newton—Weston, J.

Argued June 30, 1941—Opinion filed August 27, 1941

JONES, P.J. (Pettingell, J., Wilson, J.)—This is an action of contract with two counts, count one, alleging plaintiff as the owner of certain real estate transferred to the defendant under an agreement by defendant that she would pay the plaintiff the sum of five hundred thirty-seven dollars; the second count, upon the agreed price of equity plus interest. Defendant's answer was general denial, payment, statute of limitations and statute of frauds.

The defendant requested the court to rule as follows:

1. There is insufficient evidence to warrant a finding for the plaintiff.

2. There is evidence sufficient to warrant a finding for the defendant.

3. The evidence of the plaintiff, is at variance with his declaration.

5. The cause of action is within the Statute of Frauds, and the plaintiff cannot recover.

6. On all the evidence, the plaintiff has not sustained the burden of proof, and the defendant therefore is entitled to a finding.

All the facts are perhaps better stated by the trial judge in the finding made by him, all warranted by the evidence. The declaration alleges the conveyance of the land in question upon the agreement of defendant to pay the plaintiff a certain sum of money, to wit: the balance then due on the mortgage note.

The defendant testified that he took the deed to the property in question which is here involved, as security for this note and as a "protection" for the defendant's husband and his family, but the matter of protection can well be eliminated from our consideration; there is no reason why the defendant's claim cannot be restricted to the money consideration involved, as the finding of the judge shows he did. This finding is conclusive upon the matter of consideration. We are, therefore, forced to the conclusion of the trial judge that in consideration of defendant's provision to pay the note, the deed in question was given to the defendant. Her obligation to pay the note follows.

There is no variance between the declaration and the evidence. The declaration alleges the amount due on the note, as the amount due, and we can discover no variance between the amount declared to be due and the finding of the judge in this particular. According to the declaration, the premises were conveyed to the defendant upon her promise to pay the plaintiff a certain sum; the fact that this sum to be paid is based upon the amount due on a certain note, or rather is ascertained by the amount due on a certain note, does not create a variance. The sum is proved by proof of the amount due. This does not create any variance and, therefore, we think there was no error in the denial of defendant's request numbered three.

There was little evidence in the case to sustain the defendant's claim that either she owed nothing on the note, or only owed fifty dollars, as was claimed by her; and the defendant's requests 1, 2 and 6 were refused because, as the court says, "there is sufficient evidence to warrant a finding for the plaintiff." This sufficiently disposes of these requests. Defendant's fifth request was properly denied under the authority of Kemp fourth request was waived. Defendant's fifth request was properly denied under the authority of Kemp v. Kemp, 248 Mass. 354.

In Peabody v. Fellows, 177 Mass. 290, at page 293, it is stated "that if one has received money or other property as

the consideration of an executory contract which cannot be enforced by reason of the statute of frauds, and if he then refuses to perform the contract, he is liable to the other party under an implied promise to return the money or pay for the property."

Finding no prejudicial error, the report is dismissed.