*Northern District*

No. 4768

## A. B. SUTHERLAND CO.
### v.
## ALEXANDER J. HANNA
## and M. JOSEPHINE HANNA

(August 11, 1954)

*Brooks, J.*    This is an action of contract based on an Account Annexed against both defendants, husband and wife, to recover for the sale of household materials such as sheets, blouses, etc., sold by the plaintiff to the defendant M. Josephine Hanna; that the goods were sold and delivered to her; that the bills for said merchandise were sent to the defendant M. Josephine Hanna in her name; that the defendant Alexander J. Hanna never knew anything about this account until just before suit was brought; that he never asked plaintiff to extend credit to himself or his wife; that defendant Alexander J. Hanna lived with his wife and five children while these bills were incurred; that he gave $10.00 each week to his wife for her own personal use.

At the close of the evidence and before argument the defendant Alexander J. Hanna made, among others, the following requests for rulings:

"1.  If the account in question was started in the name of Josephine Hanna, the defendant Alexander J. Hanna is not responsible for the account set forth in the plaintiff's declaration, even though the articles in question were necessaries.

"2.  If the defendant Alexander J. Hanna has made adequate provision for the necessities of his household and has not established a credit relation with

the plaintiff he cannot be held reliable for any goods or merchandise purchased by the defendant M. Josephine Hanna."

These requests were denied by the court [Daley, S. J.], the latter with a notation "See Findings of Fact."

The court filed the following memorandum:

"I find that the defendant Josephine Hanna opened an account with the plaintiff in her own name and charged to it from time to time certain articles necessary for her support and maintenance. I find further that her husband Alexander J. Hanna gave her $10.00 a week for her own use and that the defendants have five children who live with them, three of whom are minors. I, therefore, find that the said $10.00 a week is not adequate provision and that the defendant Alexander J. Hanna is liable to the plaintiff on the declaration for the necessaries of life purchased by his wife. I, therefore, find for the plaintiff against the defendants in the sum of $258.00 with interest from April 14, 1952."

The judge has made two findings of fact: 1. That the articles purchased were necessaries; 2. That the husband had not made adequate provision for his wife and children. These findings must stand unless plainly wrong. *Jordan Marsh v. Cohen*, 242 Mass. 245. We are not disposed to find them wrong. The husband alone has appealed the judge's findings and rulings, therefore, the wife's case is not before us. The only issue before us is whether the judge was right in finding that the husband was liable in addition to the wife.

It is elementary that a husband and father is required by law to support the family and is liable to third parties who supply necessaries to the wife and children, even against husband's will. *Jordan Marsh Co. v. Hedtler*, 238 Mass. 43; *Vaughn v. Mansfield*, 235 Mass. 49; *Fisher v. Drew*, 247 Mass. 178, 182.

Under certain circumstances, statutory and otherwise, a wife may obligate herself solely, G. L., c.

209, §§ 9 and 10, or her husband and herself jointly, G. L., c. 209, § 7. Counsel for A. J. Hanna seems to argue that since the facts do not bring the case within G. L., c. 209, §7, neither husband nor wife are liable, and in support of his position, cites, as on all fours with the present case, *Lavoie v. Dube,* 229 Mass. 87.

That case was a suit for necessaries against husband and wife. Superficially, there are resemblances to the present case. Analysis of *Lavoie v. Dube,* however, discloses important differences. For example, the case came up on an auditor's report under the terms of which the court was required to affirm the superior court's judgment for defendants. Also in that case, the court ruled that the wife, not having been a party to the contract although benefiting thereunder, was not legally liable. The court further said, page 88, "The husband is not before us." In the instant case the wife was party to the contract and both she and her husband were before the court.

The present case does not differ from any suit against joint defendants where failure to recover against one does not *ipso facto* defeat suit against the other. G. L., c. 231, § 4a. The purpose of G. L., c. 209, § 7 was to vary the common law and permit recovery under certain circumstances against a wife theretofore not liable. It was not to prevent recovery against a husband where he would also be liable if sued sole as in the present case. To say that he is not liable in this suit but must be sued in another action is not reasonable.

There being no error in the judge's findings and rulings, the report is to be dismissed.

No Brief or argument for the plaintiff.

Matthew A. Cregg, for the defendant.

William H. Daley, Spec. Justice.