*Southern District*

**TABOR SCHOOL CAMP INC.**

**v.**

**MARY E. PANDOLF AND HAROLD PANDOLF**

*Present*: Callan J. (Presiding) & Kalus, J.

Case tried to ————— *J.* in the District Court of Northern Norfolk No. 44990.

*Kalus, J.* This case is before us on a report established by this Appellate Division.

The plaintiff seeks to recover in this action of contract the balance of tuition payments due for attendance at the plaintiff's "nursery school" by the three year old daughter of the defendants, (now divorced), for the school terms beginning in 1957 and 1958. There is no dispute that the child attended the school during this period; that the balance of 1957 is $104.50; that the balance for 1958 is $334.00, ($112.00 having been paid on account) leaving a total balance due of $438.50.

The declaration is in three counts:

COUNT 1 is for a balance of $104.50 due under a written contract to provide instruction and school facilities for the child of the defendants for the school year commencing in September, 1957.

COUNT 2 is for the balance of $334.00 due on a written contract to provide instruction and school facilities for the child of the defendants during the school year 1958-9.

COUNT 3 is for $568.50, the fair value of the school facilities and instruction furnished by the plaintiff to the child of the defendants; less $112.00 the amount paid on account.

The defendant Harold Pandolf answered (a) General Denial, (b) that the debt owed was not his debt, (c) and that the debts were incurred by Mary Pandolf.

The defendant Mary E. Pandolf's answer sets up (a) General Denial. (b) that the debt owed was an obligation of her former husband Harold Pandolf to provide for the necessaries of their children.

As to "all of the evidence material to the questions of law reported," the report sets forth the following:

"At the trial there was evidence tending to show:

The plaintiff and the defendant Mary E. Pandolf entered into a written contract, a copy of which was admitted into evidence, and is incorporated herein by reference. At the time of signing such agreement, Mary E. Pandolf was married to and living with the defendant Harold Pandolf. She had no income of her own and entered into this contract as a result of a joint decision with her husband. The student referred to in the application was the minor child of both defendants being at the time of the signing of the first

contract in May of 1957 of the age of two years, eight months, eight days. The contract was to provide for her education in a nursery school.

The defendants lived together until October 1958, when they separated and were subsequently divorced. The decree of divorce became absolute in June of 1960.

During the year of 1958, the defendant Harold Pandolf earned approximately $8,000.00 The defendants lived in a home in Needham, which they built in 1956 at a cost of $20,000.00. They owned a 1957 Oldsmobile automobile.

There was testimony that some time after the second year of school had started the defendant Harold Pandolf learned that his daughter was attending school.

There was testimony by Mr. Browder on behalf of the plaintiff that Mrs. Pandolf had told him on more than one occasion that she would pay the bill.

It was customary for the plaintiff to do business with the mothers of children attending its school, and there rarely was any meeting with fathers.

It was stipulated that the fair value of plaintiff's services was $560.50."

At the close of the testimony and before any arguments, the plaintiff requested the Court to rule as follows:

1. Upon all the evidence the plaintiff is entitled to recover the full amount from both defendants jointly.

2. Upon all the evidence, the plaintiff is entitled to recover the full amount from the defendant, Mary E. Pandolf.

3. Upon all the evidence, the plaintiff is entitled to recover the full amount from the defendant, Harold Pandolf.

4. The plaintiff has fully performed all its obligations under the contracts entered into between it and the defendants.

5. The defendants promised, under the contracts, to pay the total sum of $568.50, but have paid only $112.00.

6. The fair and reasonable value of the services furnished by the plaintiff to and for the benefit of the defendants' child was $568.50.

The defendant, Mary E. Pandolf, requested the Court to rule as follows:

1. On the basis of all of the evidence, there should be a finding for the defendant Mary E. Pandolf.

2. On the basis of all of the law, there should be a finding for the defendant Mary E. Pandolf.

3. On the basis of all of the law and all of the evidence, there should be a finding for Mary E. Pandolf.

4. A father is liable for the expenses of his children born in lawful wedlock, including their nuture, education and support. *Barry v. Sparks,* 306 Mass. 80; *C. v. Briggs,* 16 Pick. 203, 205; *Reynolds v. Sweetser,* 15 Gray 78; *Mayhew v Thayer,* 8 Gray 172; *Treas. & Rec. Gen. v. Sermini,* 229 Mass. 24, 8.

5. Necessaries, as respects a father's liability, are not confined to article of food or clothing required

to sustain life, but include such things for use by his children as are suitable to maintain them according to their father's property and condition in life, including their education. *Jordan Marsh Co. v. Cohen*, 242 Mass. 245; *Rayned v. Bennett*, 114 Mass. 424; *Gould v. Laurence*, 160 Mass. 232.

6. A father can never, under our law, as long as he has pecuniary ability, be absolved from the obligation of relieving the necessities, and contributing to the maintainance and education of his children. *Reynolds v. Sweetser*, 15 Gray 78; *Brown v. Brightman*, 136 Mass. 187, 8; *Dennis v. Clark*, 2 Cush. 347.

7. A father is legally responsible for all charges thus necessarily incurred by his wife on his credit in procuring board, support and education for their common offspring. *Reynolds v. Sweetser*, 15 Gray 78.

8. A husband and father is liable to third parties who supply necessaries to his wife and children, even against the husband and father's will. *B. Sutherland Co. v. Hanna*, 7 Mass. App. Dec. 94 — (1954).

9. A father may be held liable to a tradesman for necessaries, including education supplied to his infant children, though the tradesman took no pains to learn the father's circumstances or the children's necessities, and though he at the same time supplies them with articles not necessities. *Eames v. Sweetser*, 101 Mass. 78.

10. A father is liable for support, maintenance and education furnished his minor children by another, even if the said support, maintenance and

education be procured for them by their mother. *Fisher v. Drew*, 247 Mass. 178.

The Court ruled on the requests as follows:

Finding for the plaintiff v. Mary E. Pandolf only, and assess damages in the sum of $438.50.

*Plaintiff's Requests for Rulings*: 1. Denied. 2. Allowed. 3. Denied. 4. Allowed as to the defendant Mary E. Pandolf. Denied as to the defendant Harold Pandolf. 5. Denied since stipulated and agreed at trial: (a) Value of services — $560.50. (b) Services were rendered. 6. Denied — Same reason as #5 above.

*Defendant, Mary E. Pandolf's Requests for Rulings*: 1. Denied. 2. Denied. 3. Denied. 4. Request #4 through #10 inclusive are allowed as a general statement or general principle of law only, but are inapplicable to the facts as found.

*Memorandum*. Count 1 — For plaintiff v. Mary E. Pandolf only for — $104.50. Count 2 — For plaintiff v. Mary E. Pandolf only for — $334.00. Count 3 — For plaintiff v. Mary E. Pandolf only. For the defendant, Harold Pandolf, on all three counts.

The memorandum contains no statement of "the facts as found".

The defendant, Mrs. Pandolf, duly filed a request for report, and a draft report which the trial judge, after hearing, disallowed. Thereupon and pursuant to her petition to establish a report, the report was established by the Appellate Division.

It is contention of Mrs. Pandolf that when the trial court "allowed" her request for rulings numbered 4 through 10, "as a general statement or general principle of law only, but are inapplicable to the facts as found," the court was required by Rule 27 of the District Courts (1952) as amended, to state the facts as found, and failure so to do was prejudicial error. See *Home Savings Bank v. Savransky*, 307 Mass. 601.

The last paragraph of Rule 27 is as follows:

"Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

The rationale of the procedure required of the trial judge by this rule becomes quite clear upon a consideration of the action taken by the trial judge in this case.

The trial judge in the District Court sits in a dual capacity; that is, he instructs himself as to the principles of law applicable and, guided by such rules, he finds the facts. He must adopt correct rules of law for his guidance and find facts as guided by these rules. A party has right by seasonable presentation of appropriate requests for rulings to know the principles of law which guided the judge in reaching his conclusions. If the requests presented are sound in law, pertinent

to the issues, applicable to the evidence, it is the duty of the judge to grant them and follow them in reaching his decision. *Bangs v. Farr,* 209 Mass. 334.

In such a situation a claim for report brings before the Appellate Court the question of law whether it was permissible on the subsidiary facts established to make the ultimate finding and whether it was arrived at by the application of the correct principles of law, and the statement of the subsidiary facts as found by the court must be sufficient to demonstrate whether the general findings were reached by the application of correct principles of law.

■ The general principles of law applicable to the issue of this case relates to the respective liability of the father and/or mother for the support and maintenance of the family unit. It requires no detailed statement of authority to state that it is the obligation of the father to provide those things which are "necessaries" for the proper maintenance and support of his wife and minor children. This obligation comes into existence by the marriage, and his wife is authorized by implication of law to pledge his credit for this purpose. *Detore v. Demers Bros., Inc.,* 312 Mass. 531. *Fisher v. Drew,* 247 Mass. 179.

■ The statute removing the common law disability of, and empowering married women to enter into contracts (G. L. c. 209, §6) has never abrogated the sole liability of

the husband for "necessaries," and there is no contract binding her by implication of law. *Lavoie v. Dube,* 229 Mass. 87. Under this statute empowering her contract, she may become liable for such services, provided it is shown that she contracted directly as a principal and pledges her own credit, *Cleary v. First National Stores, Inc.,* 291 Mass. 172; *Thibeault v. Poole,* 283 Mass. 481; *Groce v. First National Stores,* 268 Mass. 210; *Charron v. Day,* 228 Mass. 305.

■ The burden is on the plaintiff to establish this fact since the natural presumption is that she is acting for her husband in procuring those services which her husband is required to furnish.

■ As to what are "necessaries", and whether the wife is acting for her husband or on her own credit, is in each instance generally a question of fact to be determined by the court. (As to "education" as a necessary, see *Moscow v. Marshall,* 271 Mass. 302.) Applying these general principles to the evidence adduced in this case, the trial court could make one of two mutually incompatable ultimate findings, depending in each instance upon the determination by the court of the subsidiary facts. The court could find that the services were necessaries, in which case Mr. Pandolf would be liable. The court could find that Mr. Pandolf authorized and/or ratified his wife's actions as his agent in procuring these services, in which case he would be liable. The court could find that

Mrs. Pandolf entered into a direct contract with the plaintiff on her own credit, whereby she agreed to pay, in which case she could be found liable. There could not be a finding against both husband and wife jointly. (G. L. c. 209, §7, is not applicable here). The only basis upon which the court could find as it did, in favor of the father and against the mother, was the court's determination (a) that services were not necessaries, and (b) that the father never authorized or ratified the wife's action in procuring these services, and (c) that the wife made a direct contract on her own credit with the plaintiff. All of these subsidiary facts had to be established in favor of the plaintiff to support the ultimate findings of the court.

Mrs. Pandolf by her appropriate requests was entitled to have the trial judge state which of these subsidiary facts were established in his mind and which principles of law he applied, and in so doing the trial judge would have demonstrated whether he was, in fact, guided by these correct principles of law in making his ultimate findings. *Home Savings Bank v. Savransky,* cited supra; *Barry v. Sparks,* 306 Mass. 80; *Muir Bros. Co. v. Sawyer Construction Co.,* 328 Mass. 413. Failure of the trial judge to state the facts found makes it impossible for the reviewing court to determine whether or not his assertion that requests were not in accord with facts found by him is correct. *Barry v. Sparks, cited supra.*

■ The plaintiff argues that the general finding imports the finding of all subsidiary facts necessary to that conclusion warranted by the evidence. This is generally true, but this rule cannot be invoked to show that a refusal by the court of requests for rulings was proper in view of the facts or to show compliance with Rule 27. *Home Savings Bank v. Savransky, cited supra.*

■ The failure of the trial judge to state the facts found by him which made Mrs. Pandolf's requests numbered 4 through 10 "inapplicable" was prejudicial error and she is therefore entitled to a new trial. *Barry v. Sparks, cited supra.*

■ Mrs. Pandolf further contends that the evidence does not warrant a finding against her and requires a finding against her husband. We are not prepared to rule on the basis of the record before us that the evidence required such findings as to each defendant as a matter of law. The record does not disclose from whom the evidence relating to the crucial issues of fact was adduced. We are, therefore, unable to make a judgment as to whether the evidence could be believed or disbelieved by the trial judge or whether it was testimony that bound either defendant as a matter of law.

*It is ordered that the findings of the trial judge are vacated, and that the case stand for a new trial.*