EILEEN O'BRIEN COLLINS & another[1] *vs.* ROSE G. HILLIS & another.[2]
March 16, 1979. 1. As the facts asserted in the sixth and seventh
paragraphs of the affidavit of the plaintiff Collins would, if found at
trial, support a judgment for money damages in favor of both plaintiffs
against the defendant in her capacity as executrix (see *Cromwell* v.
*Norton*, 193 Mass. 291, 292-293 [1906]; *Kemp* v. *Kemp*, 248 Mass. 354,
357-358 [1924], and cases cited; *Young* v. *Young*, 251Mass. 218, 221-222
[1925]; *Bettencourt* v. *Bettencourt*, 362 Mass. 1, 10-11 [1972]), it was
error to dismiss the action under Mass.R.Civ.P. 56(b), 365 Mass. 824
(1974), insofar as relief is sought against the defendant as executrix.
2. It has not been argued that it was error to dismiss the action insofar
as relief was sought against the defendant in her individual capacity.
See Mass.R.A.P. 16 (a) (4), as amended, 367 Mass. 921 (1975). The
present judgment is vacated, and the case is remanded to the Probate
Court, where (a) a final judgment is to be entered under the provisions
of the first sentence of Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), which
dismisses the action as to the defendant in her capacity as an individu-
al and (b) the case is to stand for further proceedings, including the
disposition of the counterclaims (if they are not waived); the plaintiffs
are to have costs of appeal from the estate.

*So ordered.*

*Joseph M. Cohen* for the plaintiffs.
*Walter E. Doherty, Jr.* (*William E. Melahn* with him) for the defend-
ant.

---

[1] Ronald J. O'Brien.

[2] Rose G. Hillis as executrix of the will of William J. Brenner.